49473. PRATTES v. SOUTHEAST CERAMICS, INC.

CLARK, Judge.

After issue had been joined in the State Court of DeKalb County, plaintiff served notice of intent upon defendant's attorney to take defendant's deposition. When defendant failed to appear in response to this notice, plaintiff moved for sanctions to be imposed upon defendant pursuant to Section 37 of the Civil Practice Act (Code Ann. § 81A-137). Service of this motion for imposition of sanctions was served upon the attorney of record for defendant. Neither defendant nor his counsel appeared for the hearing of plaintiff's motion. Although there is no transcript of evidence to disclose what transpired, the judgment dated December 6, 1973, recites that "after hearing evidence and reviewing the pleadings and motion in said case, it is the finding of this Court that the defendant, Leonidas G. Prattes, has wilfully failed and refused to give his deposition pursuant to notice previously filed and served and that by reason of this wilful failure to appear at his own deposition and his failure to explain at all the reason for such failure which

the court finds to be wilful, it is therefore ordered and adjudged that . . . the answer of the defendant is hereby dismissed and a judgment entered against the defendant in favor of the plaintiff" for the amount sued for "plus $250 attorney fees for the bringing of said motion for sanctions by the plaintiff." (R. 12).

Approximately two months later the plaintiff served defendant in fi. fa. with notice for him to appear for post-judgment examination under oath. Thereupon defendant filed a petition to set aside the judgment and sought by supporting affidavits to show defendant had not wilfully disregarded the original discovery proceedings. This petition was denominated "Complaint in Equity" and recited that it was filed pursuant to Code Ann. § 81A-160 (e). The Judge of the State Court of DeKalb County entered an order denying the motion. The instant appeal is from that order.

1. Code Ann. § 81A-160 (b) provides "A judgment may be attacked by motion for new trial, motion to set aside, or by complaint in equity." Although it further states that "Judgments may be attacked by motion only in the court of rendition," that obviously applies only as to the first two designated procedures. In fact, that Code section goes on to say that "Judgments may be attacked by complaint in equity in any superior court of appropriate jurisdiction." As the petition was filed in the State Court of DeKalb County, which does not have equity jurisdiction, it cannot be considered as a complaint in equity. *Northern Freight Lines v. Fireman's Fund Ins. Cos.,* 121 Ga. App. 786, 787 (175 SE2d 104). This is true even though the petition recites it to have been filed as such under the provisions of Code Ann. § 81A-160 (e), which says that "Complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant."

2. Accordingly, we undertake to consider the appellant's act as being a motion to set aside the judgment. Code Ann. § 81A-160 (d) formerly[1] provided: "A

_____

[1] This Code section has recently been amended to read, in part: "A motion to set aside must be predicated

motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings." Since the motion to set aside in the case sub judice was not based on any nonamendable defect appearing on the face of the record or pleadings the trial court did not err in denying the motion. *Golden Star v. Broyles Ins. Agency,* 118 Ga. App. 95 (162 SE2d 756); *Payne v. Shelnutt,* 126 Ga. App. 598 (191 SE2d 487).

3. Appellee had filed a motion to assess ten percent damages pursuant to Code § 6-1801 which permits this when the court is of the opinion that the cause was taken up for delay only. Direction as to the manner of consideration of such motions was given by Judge Arthur G. Powell, one of the great founding judges[2] of our tribunal, in *Moore v. Smith Machine Co.,* 4 Ga. App. 151 (60 SE 1035). There at page 154 it is stated that ". . . [W]hen a motion for damages is filed, we will carefully examine the record and will pass upon the motion in the light of the entire history of the case as there presented. If after reviewing the whole matter we believe that the plaintiff in error is presenting a bona fide contest over a colorable matter, though his view of the law may not in fact be well founded, or that he is seeking a ruling upon an open or doubtful question, damages will be refused. But when the record discloses that the plaintiff in error has no just case, that no new question of law is involved, and the record is full of those things which every judge and every lawyer recognizes as indicia of an attempt to

---

upon some nonamendable defect which does appear upon the face of the record or pleadings, or a motion to set aside shall also lie to attack a judgment based upon lack of jurisdiction over the person or subject matter, regardless of whether such lack of jurisdiction appears upon the face of the record of [sic] pleadings." Ga. L. 1974, pp. 1138, 1139.

[2] The other two original judges of this court upon its establishment in 1906 were Richard B. Russell, Sr., and Benjamin Harvey Hill, the latter being designated to serve as Chief Judge on the basis of being senior in age.

fight merely for time, justice demands that we overcome any personal hesitancy we may have, and that we add an award of damages to the judgment of affirmance." In the instant case, our examination leads us to conclude that this appeal was not filed for delay purposes, a view fortified by the extent of the appellant counsel's argument and research. Accordingly, the motion for assessment of damages is denied.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED JULY 1, 1974 — DECIDED SEPTEMBER 10, 1974.

*Morgan & Sunderland, Thomas S. Sunderland,* for appellant.

*Neil L. Heimanson,* for appellee.