A90A0667. N.D.T., INC. v. CONNOR.
(395 SE2d 901)

DEEN, Presiding Judge.

Art D. Connor was an employee of N.D.T., Inc., a trucking company. Under an agreement effective January 3, 1986, Connor and N.D.T. mutually severed the employee-employer relationship for a consideration consisting of a payment to Connor of a lump sum of $50,000 and $1,000 per week for fifty consecutive weeks, plus $630 per month for twelve consecutive months for lease of an automobile for Connor's use. The agreement also contained a three-year covenant not to compete.

Approximately eight weeks after the effective date of the agreement, N.D.T. ceased making payments. In July of 1986 Connor brought an action against N.D.T. for breach of contract, seeking damages for the breach and consequential damages, plus costs and attorney fees for stubborn litigiousness and causing unnecessary trouble and expense. N.D.T. answered and counterclaimed for monies allegedly owing for excess salary and other overpayments, unauthorized use of credit cards, and unauthorized disposition of property belonging to N.D.T. N.D.T. also sought damages, costs, and attorney fees for stubborn litigiousness.

In March 1987 Connor filed an action for slander against J. W. Herringdine (Case No. A90A0748), N.D.T.'s president. The two cases were consolidated for trial. The trial court awarded Connor damages, attorney fees, and interest against N.D.T. but dismissed the action against Herringdine on the merits, assessing costs against Connor. N.D.T. and Connor filed separate appeals, which this court consolidated. In Case No. A90A0748 we have granted appellant Connor's motion to withdraw his appeal. In Case No. A90A0667 Connor, as appellee, has filed against N.D.T. a motion for damages for a frivolous appeal, seeking 10 percent of the original contract award plus 15 percent of the attorney fee award, as amended. *Held*:

1. Scrutiny of the record sub judice reveals that certain of appellant's enumerations of error are not supported in its brief by argument or by citation of statutory or case law. Therefore, according to

Court of Appeals Rule 15 (c), such enumerations are deemed abandoned and will not be considered by this court. For this reason we do not review the first and second enumerations.

2. The trial transcript indicates that the third and fourth enumerations were waived, the former under OCGA § 5-5-24 (a) and the latter because appellant's counsel made no objection to the challenged instruction and, moreover, submitted no requests of his own for jury instructions.

3. The trial transcript reveals clearly that the court's instructions to the jury were correct statements of the law, as adjusted to the evidence, and did not represent any improper comment by the court. The transcript further reveals that appellant's counsel did not object at trial and therefore waived the right to raise the matter on appeal. The tenth enumeration is also without merit.

4. Appellant's eleventh enumeration attacks the admissibility of evidence concerning certain contracts that were never consummated, and also of evidence concerning certain dealings between Herringdine and appellee around the time of the agreement. Appellant contends that this evidence was at best irrelevant and at worst prejudicial. We agree with appellee, however, that the challenged evidence was admissible to show that, prior to Connor's signing the agreement and leaving N.D.T., Herringdine had been seriously considering either selling or "downsizing" N.D.T.; and also to show that there was considerable friction and disharmony between Herringdine and Connor, apparently arising out of Herringdine's inquiries and preliminary negotiations. Such evidence is clearly relevant to Herringdine's decision to breach the contract, and therefore to the parties' allegations of bad faith and stubborn litigiousness. This enumeration is without merit.

5. Appellant alleges that admission of testimony regarding a conversation between appellee and a Mr. Haist, a former N.D.T. employee, was improper on the ground that it was hearsay. Not only was the testimony admissible, under a recognized hearsay exception, as showing appellee's motivation or state of mind in filing an action for slander against Herringdine, but any error that it might arguably have represented was obviously harmless — and therefore moot — in light of the trial court's ruling adversely to appellee and in favor of Herringdine in the slander action. Moreover, the trial transcript shows that Haist himself appeared as a witness and was subjected to a thorough and sifting cross-examination. We find no merit in this enumeration.

6. The fifth, sixth, eighth, and thirteenth enumerations of error all pertain to the propriety of the trial court's awarding attorney fees. In the fifth enumeration appellant contends that the trial court erred in instructing the jury on OCGA § 13-6-11, which lists as bases for the award of attorney fees "bad faith" *or* being "stubbornly litigious" *or*

causing the other party "unnecessary trouble or expense." Appellant alleges that no evidence of bad faith was adduced, and that, consequently, it was error for the trial court to cite the Code section in his instructions. In the statute the three bases for awarding attorney fees are cited disjunctively, as alternatives, and not in the conjunctive. Because the second and third alternatives were cited in the complaint, the court charged the entire statute. According to the record, appellant did not protest the "stubbornly litigious" or "unnecessary trouble or expense" alternatives, although the record indicates that no evidence was introduced pertaining to those alternatives, which actually were a part of the complaint. Moreover, the record shows, appellant made no objection when the section was charged or again when it was recharged. Therefore, it may be deemed to have been waived.

As to the sixth enumeration, appellant contends that the admission of appellee's counsel's time sheets and itemized bills was error because they violated the hearsay rule; in the eighth enumeration he objects to admission of these same exhibits because they allegedly provided no yardstick by which the jury might judge the reasonableness of the billing. Of course, these exhibits are clearly admissible under the business records exception to the hearsay rule, and they provide figures that should have given the jury a clear idea as to what was billed and as to the reasonableness of the fees.

In the eighth and thirteenth enumerations appellant makes this same objection in somewhat different form: namely, that there was no proof of the value of the fees charged by appellee's counsel. The transcript reveals that appellant was permitted to conduct an extensive cross-examination on the value — that is, the reasonableness — of fees charged. Moreover, as appellee points out in his brief and oral argument, the testimony of appellant's counsel on his own fees establishes that they were the same as, and in some instances higher than, those testified to by appellee's lead counsel — and considerably higher than those of the latter's junior associate, who did the majority of the work on the case. The trial transcript corroborates appellee's counsel's contention. This enumeration has no merit.

7. Under Rule 15 (c) the ninth enumeration must be treated as abandoned because unsupported by argument or citation of authority. See the discussion of additional enumerations pertaining to attorney fees, Division 6, supra. See also *Department of Transp. v. Kendricks*, 148 Ga. App. 242 (250 SE2d 854) (1978); *Anthony v. Anthony*, 143 Ga. App. 691 (240 SE2d 167) (1977).

8. We have considered appellee's request for penalties and decline to grant it.

*Judgment affirmed. Banke, P. J., Birdsong, Pope and Cooper, JJ., concur. Carley, C. J., and McMurray, P. J., concur in Division 8*

*and in the judgment. Sognier and Beasley, JJ., concur in part and dissent in part.*

BEASLEY, Judge, concurring in part and dissenting in part.

I fully concur in all divisions except Division 8, from which I respectfully dissent.

It appears that the appeal was taken up for delay only, so that appellee should be awarded damages for frivolous appeal as allowed by OCGA § 5-6-6.

Among the indications of frivolousness is the lack of substance of those points raised on appeal where we actually reach the merits. More telling is the enumerating of a number of points which clearly were waived or are not even argued, thus adding nothing but bulk.

Allowing unnecessarily protracted litigation without sanction makes the courts complicitous in the costs and delay which the public validly criticizes. It also prices the process out of reach for countless people who have legitimate claims and it outdistances the time when they are entitled to finality.[1] Thirdly, frivolous appeals clog the publicly-funded courts and cut into the time and resources needed for legitimate appeals.

In considering whether to appeal, the party losing at the trial court level should feel a burden to pursue only an arguably meritorious appeal which has some genuine chance for reversal.

Looking at the size of the record in this case, the nature of the dispute, and the manner in which the appeal was presented, it is evident that appellant is simply buying time because it loathes paying the judgment. The costs, which are more than will be met by post-judgment interest, should not be borne by the appellee, much less the courts. It would be a judicious exercise of the power residing in the Court by virtue of OCGA § 5-6-6 to award the additional damages authorized. See *Prattes v. Southeast Ceramics*, 132 Ga. App. 584, 586 (3) (208 SE2d 600) (1974).

I am authorized to state that Judge Sognier joins in this opinion.

DECIDED JULY 11, 1990.

*Richardson, Chenggis & Constantinides, George C. Chenggis*, for appellant.

*Van Gerpen, Shigley & Hoffman, Earl J. Van Gerpen, Frank P. Harris*, for appellee.

---

[1] Well over a year in this case.