A93A0221, A93A0222. SOUTHERN CELLULAR TELECOM et al.
v. BANKS; and vice versa.
(433 SE2d 606)

JOHNSON, Judge.

These cases are related to *Southern Cellular Telecom v. Banks*, 208 Ga. App. 286 (431 SE2d 115) (1993). The four cases arose from a trial in the Superior Court of Fulton County. The issue presented in these two appeals is whether the trial court erred in its determination of the amount of an award of attorney fees.

Nancy Banks filed a ten-count complaint against Southern Cellular Telecom (SCT) and its president, Edward Grenvicz. Banks' fraud claim was the only claim of the ten to survive the defendants' motions for summary judgment and directed verdict. On this single remaining claim, the jury returned a verdict in favor of Banks, awarding general damages, punitive damages, and attorney fees. Prior to the submission of the case to the jury, the parties stipulated that if the jury determined that Banks was entitled to recover attorney fees and expenses of litigation, the court rather than the jury would determine the amount of such fees and expenses. After an initial hearing to determine the amount, the court concluded that Banks had not adequately distinguished between the time her attorneys spent on her various unsuccessful claims and the time attributable solely to her successful claim. The court allowed Banks several days to submit edited time records. The documentation Banks then submitted consisted of affidavits of her attorneys, time sheets, and a copy of a contingent fee agreement between herself and her attorneys. The court apparently found this evidence to be adequate, and it entered an or-

der fixing the amount of the award at $95,067 in attorney fees; $5,765.99 in accounting expenses; $1,150 in paralegal fees; and $39,308.34 in other actual expenses. The defendants appeal from the court's order, and Banks cross-appeals.

### Case No. A93A0221

In their sole enumeration of error, the defendants contend that the amount of the attorney fees awarded by the trial court was not supported by sufficient evidence. We agree. "An award of attorney fees is unauthorized if [the plaintiff] failed to prove the actual costs of the attorney and the reasonableness of those costs. [Cit.]" *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987). Banks submitted time sheets for work which her attorneys performed in connection with the entire case. Many of the time entries consist of a simple statement that a conference was held, a letter was written, a telephone call was made or research was conducted. Such broad statements fail to demonstrate the function or substance of the task with sufficient particularity to permit the court to distinguish between time and expenses attributable to the successful fraud claim and time and expenses attributable to her other unsuccessful claims.

We recognize the trial court's dilemma in attempting to determine with specificity the amount of attorney fees, given the nature of the documents and other evidence provided. This evidence did not provide a sufficiently narrow basis for such a determination. Nor did the process of allowing Banks to submit edited time records and affidavits adequately afford SCT's attorneys the opportunity to cross-examine Banks' attorneys either on the issues of reasonableness and value or on the allocation of time and expenses among the various claims. A determination of the amount of an award of attorney fees cannot be based on guesswork. See generally *Wahnschaff Corp. v. O. E. Clark Paper Box Co.*, 166 Ga. App. 242, 244 (2) (304 SE2d 91) (1983). While we are convinced that the trial court mightily endeavored to determine the correct amount from the evidence, rather than basing all or any part of the award upon speculation, we conclude that the state of the evidence was insufficient to support the award made.

Because Banks failed to prove the value of her attorney fees on her successful fraud claim with the requisite degree of certainty, the trial court's judgment as to those fees must be vacated. The case is remanded for an evidentiary hearing to establish the amount of attorney fees related solely to the prevailing claim Banks is entitled to recover.

*Case No. A93A0222*

1. The trial court concluded in its order that "an award of attorney fees and expenses of litigation cannot be based upon a contingent fee basis as a matter of law." Banks argues that the court erred in refusing to consider the contingent fee agreement as the sole basis for determining the amount of attorney fees she was entitled to recover. We disagree.

It is well-settled that an award of attorney fees is to be determined upon evidence of the reasonable value of the professional services which underlie the claim for attorney fees. See *Rivergate Corp. v. BCCP Enterprises*, 198 Ga. App. 761, 762 (403 SE2d 65) (1991). A court may consider a contingent fee agreement and the amount it would have generated as evidence of usual and customary fees in determining both the reasonableness and the amount of an award of attorney fees. See *Walther v. Multicraft Constr. Co.*, 205 Ga. App. 815, 816 (3) (423 SE2d 725) (1992). However, the court's conclusion that it was not bound, and could not as a matter of law be bound, by the contract between the parties was legally sound and reaffirms a principle long accepted by the courts of this state. See *Hercules Automotive v. Hayes*, 194 Ga. App. 135, 137 (4) (389 SE2d 571) (1989); *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (4) (285 SE2d 203) (1981); see also *Old Equity Life Ins. Co. v. Barnard*, 120 Ga. App. 596, 597 (6) (171 SE2d 636) (1969) (for the proposition that a contingent fee may or may not be reasonable). It was not error for the court to determine the amount of the award of attorney fees on the basis of hourly rates.

2. In view of our holding in Division 1, we need not reach Banks' remaining enumeration of error.

3. Banks' motion for supersedeas bond is denied.

*Judgment in Case No. A93A0221 is reversed and case remanded with direction. Judgment in Case No. A93A0222 is affirmed. Blackburn and Smith, JJ., concur.*

DECIDED JUNE 11, 1993 —
RECONSIDERATION DENIED JULY 13, 1993.

*Hurt, Richardson, Garner, Todd & Cadenhead, Henry D. Fellows, Jr., Martha L. McGhee-Glisson, Hunton & Williams, Kevin A. Ross*, for appellants.

*McCalla, Raymer, Padrick, Cobb, Nichols & Clark, C. James Jessee, Jr., Charney K. Berger, L. Matt Wilson*, for appellee.