A95A0783, A95A0784. CITADEL CORPORATION v. ALL-SOUTH SUBCONTRACTORS, INC.; and vice versa.

(458 SE2d 711)

McMURRAY, Presiding Judge.

These appeals emanate from the same action which spawned an appeal in *Citadel Corp. v. Sun Chemical Corp.*, 212 Ga. App. 875 (443 SE2d 489). The case originated in the trial court when Citadel Corporation ("Citadel") brought an action against Sun Chemical Corporation ("Sun Chemical") and others to recover sums allegedly due under construction contracts whereby Citadel agreed to build a manufacturing plant ("the plant") and administration building for the predecessor of Sun Chemical. Sun Chemical then filed a counterclaim for "breach of contract, contending delay in completing the plant, defective floor coating and damage to [certain inventory, i.e.,] XLR

---

plates." Sun Chemical alleged (in the pre-trial order) that the "damages to XLR plates [were the result] of defective roofing. . . ." Citadel responded with a third-party complaint against its roofing subcontractor, All-South Subcontractors, Inc. ("All-South"), seeking to recover any damages, costs and attorney fees related to defense of Sun Chemical's counterclaim. This indemnity claim is based upon the following provision in the roofing subcontract: "[All-South] shall indemnify, hold harmless and defend [Citadel] against all claims, damages, losses and expenses, including attorney's fees, arising out of or resulting from the performance of [All-South's] Work under this Subcontract, provided that any such claim, damage, loss, or expense, (a) is attributable to . . . destruction of tangible property . . . and (b) is caused in whole or in part by any negligent act or omission of [All-South] or is caused by or arises out of the use of any products, material or equipment furnished by [All-South], regardless of whether it is caused in part by a party indemnified hereunder."

After an extended trial, a jury returned special verdicts finding that Citadel is entitled to certain damages on its claims against Sun Chemical; that Sun Chemical is entitled to zero damages as to its counterclaim against Citadel for damage to the "XLR plates" and that Citadel is entitled to zero damages as to its third-party claim against All-South for indemnification. After entry of judgment on the verdicts, Citadel filed a direct appeal in Case No. A95A0783 and All-South filed a cross-appeal in Case No. A95A0784. *Held*:

1. Citadel contends the jury's failure to award attorney fees under its third-party claim against All-South for reimbursement of costs incurred in defending against Sun Chemical's counterclaim is contrary to law and not supported by the evidence. Citadel argues that it is entitled to a judgment (upon remand to the trial court) for the total amount of its attorneys' billings as reflected on itemized statements introduced into evidence at trial. In response and in its cross-appeal, All-South asserts that Citadel failed to meet its burden of demonstrating a specific entitlement to attorney fees under the indemnity agreement.[1]

" ' "An award of attorney fees is unauthorized if [Citadel] failed to prove the actual costs of [their attorneys] and the reasonableness of those costs. (Cit.)" *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987).' *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606)." *Mitcham v. Blalock*, 214 Ga. App. 29, 31 (2) (447 SE2d 83). In the cases sub judice, Citadel relies

---

[1] All-South also contends the indemnity agreement is unenforceable because it is violative of public policy as enunciated in OCGA § 13-8-2 (b). We do not reach this issue and assume, without deciding, that the parties' indemnity agreement is not violative of OCGA § 13-8-2 (b).

on billing statements submitted by its attorneys as proof of costs expended in defense of the XLR-plate counterclaim, but fails to point to the testimony of any party with personal knowledge of the services purportedly rendered and reported therein. Consequently, the billing statements constitute nothing more than "hearsay, and hearsay, even when admitted into evidence without objection, lacks probative value to establish any fact. *Howell Mill/Collier Assoc. v. Pennypacker's*, 194 Ga. App. 169, 171 (2) (390 SE2d 257)." *Mitcham v. Blalock*, 214 Ga. App. 29, 31 (2), 32, supra. However, even assuming the billing statements are admissible as proof of the matters asserted therein, Citadel failed to distinguish between the costs attributable to fees incurred in defense of the XLR-plate counterclaim and those incurred in enforcing the indemnity agreement.

The indemnity clause in the roofing subcontract pertinently provides that "[All-South] shall indemnify, hold harmless and defend [Citadel] against all claims, damages, losses and expenses, including attorney fees, arising out of [All-South's] Work under [the] Subcontract. . . ." This provision, however, does not provide for recovery of attorney fees and expenses incurred to enforce the indemnity agreement. Consequently, Citadel is not entitled to recover such costs. In order for Citadel to recover under the indemnity agreement, it must show the fees it claims are reasonable and prove them "with sufficient particularity to permit the [jury] to distinguish between time and expenses attributable to [recoverable fees for the XLR-plate counterclaim] and time and expenses attributable to [nonrecoverable fees incurred in enforcing the indemnity agreement]." *Mitcham v. Blalock*, 214 Ga. App. 29, 31 (2), 32, supra; see *Augusta Tennis Club v. Leger*, 186 Ga. App. 440, 443 (367 SE2d 263) (1988).

In the cases sub judice, attorney Ira Smotherman testified that he reviewed the billing statements introduced into evidence by Citadel; that he "looked at just not page-by-page but in bulk the amount of depositions that had been taken concerning this part of the case[; that he reviewed exhibits from] several boxes full of documents that pertain to the issues in this part of the case" and that, based on his observations, the amount of attorney fees claimed by Citadel was "reasonable" for "fees generated in a construction litigation case by lawyers and a law firm that had some experience, background and expertise in handling this kind of case." However, the billing statements relied on by Smotherman include not only attorney fees purportedly incurred by Citadel in defending the XLR-plate counterclaim, they also include billings for pursuing the third-party claim against All-South. And when cross-examined about these billings, Smotherman admitted that he "didn't make any attempt to distinguish [between the attorney fees sought by Citadel for defense of the XLR-plate counterclaim and the fees incurred in pursuit of its third-

party complaint against All-South]." It thus appears that "[n]o evidence was presented from which the jury could determine what portion of the total amount of [the] attorney time and litigation expenses incurred in this . . . litigation was attributable to the [recoverable fees incurred in defense of the XLR-plate counterclaim and the nonrecoverable fees incurred in connection with Citadel's third-party claim against All-South]." *Arford v. Blalock*, 199 Ga. App. 434, 439 (10) (405 SE2d 698). See *Augusta Tennis Club v. Leger*, 186 Ga. App. 440, 443 (5), supra. Consequently, the jury's verdict awarding Citadel zero damages for attorney fees was not in error. See *Cherokee Ins. Co. v. Lewis*, 204 Ga. App. 152, 154 (2) (418 SE2d 616).

2. In light of our holding in Division 1 of this opinion, it is unnecessary to address remaining issues in the appeal and the cross-appeal.

*Judgment affirmed in Case Nos. A95A0783 and A95A0784. Andrews and Blackburn, JJ., concur.*

DECIDED JULY 7, 1995 — ▮▮▮▮▮▮▮▮▮

*Smith, Currie & Hancock, Charles W. Surasky, George Q. Sewell*, for appellant.

*Drew, Eckl & Farnham, T. Bart Gary, April Rich, Robert J. Moye III*, for appellee.