## A96A2097. ODEN v. LEGACY FORD-MERCURY, INC.
(476 SE2d 43)

ELDRIDGE, Judge.

Appellant Oden owns and operates a company, Trucks, that allegedly contracted to purchase used automobiles from appellee, Legacy Ford-Mercury, Inc. ("Legacy"), an automobile dealership. Appellee asserts that appellant failed to pay for several automobiles it received from appellee during the period of January through March 1994.

Appellee filed suit on November 7, 1995, seeking compensation for automobiles delivered to appellant, interest, incidental damages, and attorney fees. On December 11, 1995, the sheriff's deputy filed an entry of service with the court showing that service had been effectuated on November 10, 1995 at 556 Milam Avenue, Atlanta, Georgia, the address of Trucks.[1] In the meantime, a different deputy filed a separate entry of service on November 27, 1995, showing service had been effected on November 23, 1995 by delivery to Ben Callaway, manager of Trucks.

Appellant subsequently filed an answer with the court on December 22, 1995, but failed to pay court costs at this time. Appel-

---

[1] The defendant admitted in his subsequent answer that he could be served at this address.

lee filed a motion for default judgment on March 1, 1996. Appellant responded to the motion by submitting to the court a one-page affidavit that stated that the appellant did not receive service on November 10, 1995. Further, the affidavit stated that appellant, after receiving service on November 23, 1995, immediately notified his attorney, who filed responsive pleadings within the statutory period of 30 days. The appellant did not request a hearing on the motion for default judgment.

The trial court determined that the appellant was personally served on November 10, 1995, as well as having been served on November 23, 1995 through his employee, and granted the motion for default judgment. The trial court also directed the appellee to provide evidence to establish his claim for attorney fees and costs of litigation.

The appellee submitted as evidence of attorney fees an affidavit of Frank O. Brown, Jr., counsel for appellee. The affidavit asserted that 41 hours of attorney time were expended on the case and various, unspecified costs were incurred. The appellant presented no evidence and did not request a hearing on the issue of the amount of attorney fees and litigation costs. The trial court granted the appellee $5,764 in attorney fees and $90 for litigation costs.

1. Appellant claims that the trial court erred in granting the appellee's motion for default judgment because appellant had submitted an affidavit to the trial court stating "unequivocally" that he had not received service on November 10, 1995. Appellant asserts that this evidence should have impeached the deputy sheriff's entry of service that was filed with the court. Appellant does not deny that he subsequently received service on November 23, 1995, filed an answer on December 22, 1995, but never paid court costs.

OCGA § 9-11-12 (a) provides that a defendant shall file an answer within 30 days after the date of service of the summons and complaint. A case shall automatically go into default if an answer has not been filed within 30 days, unless the time for filing has been extended as provided by law. OCGA § 9-11-55 (a). However, a defendant is entitled to open a default as a matter of right if an answer is filed within 45 days of service and the defendant pays court costs. Id.

In the case sub judice, the appellant filed an answer within 45 days of the November 10, 1995 service of process, but failed to pay court costs. Therefore, the appellant is not entitled to open the default. Instead, the appellant claims that he never received the original service on November 10, 1995, even though the deputy sheriff filed an entry of service with the court documenting such service.

Where a defendant claims there was a failure of service, the trial court has the authority to decide as a factual matter whether service has occurred. OCGA § 9-11-12 (d). This finding will not be disturbed

as long as there is "some evidence to support" it. *Sorrow v. Seloff*, 177 Ga. App. 87 (338 SE2d 482) (1985). Further, " '[w]hen a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service. The [process server's return of service] can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit.' [Cits.]" *Nucor Corp. v. Meyers*, 211 Ga. App. 787, 788 (440 SE2d 531) (1994).

A signed entry of service was filed with the court on December 11, 1995. In an effort to prove failure of service, the only evidence the appellant submitted on his behalf was a one-page affidavit that stated that appellant did not receive service on November 10, 1995. No corroborating evidence, such as affidavits from employees at Trucks, was offered to support appellant's claim of failure of service.

Although "a return of service may be impeached by sworn statements made on personal knowledge," *Hudson v. Williams*, 188 Ga. App. 726, 727 (374 SE2d 220) (1988), this Court has also held that in " 'a case of the defendant's word against the deputy sheriff's . . . the presumption favors the sheriff's return of service.' " *Moore v. Sanford, Adams, McCullough & Beard*, 175 Ga. App. 552 (333 SE2d 681) (1985). Based on the evidence presented in the case sub judice, the trial court determined as a factual issue that service was effected on November 10, 1995, and this Court will not disturb this finding.

2. The second enumeration of error is that the trial court erred in granting appellee attorney fees based on the counsel for appellee's affidavit. The appellant claims that appellee's counsel lacked the personal knowledge necessary to submit an affidavit enumerating fees generated by an associate under his supervision, and that therefore, the information is hearsay. Appellant also claims that the affidavit is based on "guesswork," because the tasks, and the attorneys performing such tasks, were not identified specifically in the affidavit.

In *Mitcham v. Blalock*, 214 Ga. App. 29, 32 (447 SE2d 83) (1994), this Court held that "statements regarding the billings of the associate attorney . . . were not based upon [the attorney's] personal knowledge, but were based upon information given to him by others. Such evidence is hearsay, and hearsay, even admitted into evidence without objection, lacks probative value to establish any fact." See OCGA § 24-3-1.

In the case sub judice, appellee's counsel lacked the personal knowledge required to testify to the actual hours and functions performed by another attorney under his supervision, and the relevant portions of his affidavit are, therefore, inadmissible as hearsay.

Further, recognizing that broad statements regarding tasks performed may lack sufficient particularity to justify an award of attorney fees, the Court in *Southern Cellular Telecom v. Banks*, 209 Ga.

App. 401, 402 (433 SE2d 606) (1993) vacated an award of attorney fees and remanded the issue for an evidentiary hearing. The Court noted that a "determination of the amount of an award of attorney fees cannot be based on guesswork." Id. While a factfinder may find the counsel for appellee's affidavit sufficiently detailed to justify an award, the court recommends that, upon remand, counsel append billing and other business records to support the claims for services rendered.

The Court reverses and remands the issue of the amount of attorney fees and court costs to the trial court, to be determined after an evidentiary hearing.

3. The third enumeration of error is that the trial court erred in granting appellee attorney fees and costs without affording appellant the right to contest the reasonableness and necessity of said fees and costs.

This Court has held that "[a] party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services." *Mitcham v. Blalock*, supra at 32-33; see also *Southern Cellular Telecom v. Banks*, supra.

In response, the appellee cites Uniform Superior Court Rule 6.3, which authorizes the trial court to decide motions (except motions for a new trial or for judgment notwithstanding the verdict) without oral hearing, as authority for the court's award of attorney fees without providing the appellant an opportunity to challenge the reasonableness or necessity of the fees. Further, the appellee asserts that the appellant waived his right to a hearing by not making a request for a hearing until after the court had ruled on the motion.

However, Rule 6.3 does not apply here, as it is silent regarding motions that require an evidentiary hearing. In a default situation, a request for unliquidated damages, such as attorney fees, requires an evidentiary hearing under OCGA § 9-11-55 (a), unless the parties stipulate otherwise. During this hearing, the "plaintiff shall be required to introduce evidence and establish the amount of damages before the court without a jury, with the right of the defendant to introduce evidence as to damages."[2] OCGA § 9-11-55 (a). At such hearing, each attorney for whose service compensation is sought must provide admissible evidence of fees in the form of personal testimony, or through the testimony of the custodian of the applicable billing records, as an exception to the hearsay exclusion. See OCGA § 24-3-1. The defendant has the right to cross-examine each witness on the amount and reasonableness of the fees and costs requested.

---

[2] Either party shall be entitled to a jury trial, upon request, on the issue of damages if the defendant raises the issue in the pleadings, even if the defendant was in default. OCGA § 9-11-55 (a).

Appellee asserts that appellant waived his right to a hearing on the issue of the amount of attorney fees by not requesting it at the time of the trial court's order. However, failure to object to the order does not waive the objection if the defendant has no opportunity to object at the time the order is made. OCGA § 9-11-46 (a). Since no hearing was held on the amount of attorney fees to be awarded, the appellant had no opportunity to object to the award, and therefore, his objection to the order was not waived.

The Court reverses and remands the issue of the amount of attorney fees and court costs to the trial court, to be determined after an evidentiary hearing.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 4, 1996 —

*The Roberts Law Firm, John A. Roberts, James A. Dooley*, for appellant.

*Holland & Knight, Frank O. Brown, Jr.*, for appellee.

