A96A2250, A96A2251. SANTORA v. AMERICAN COMBUSTION, INC. et al.; and vice versa.
(485 SE2d 34)

SMITH, Judge.

This appeal and cross-appeal involve the trial court's sanctions against plaintiff Thomas Santora, which included the dismissal of his complaint with prejudice and an award of $75,000 in attorney fees against him personally pursuant to OCGA § 9-15-14 (b). The trial court found Santora abused discovery by concealing from defendant American Combustion a document important to the litigation. In Case No. A96A2250, Santora claims the trial court's rulings show an abuse of its discretion. We disagree. In the cross-appeal, Case No. A96A2251, American Combustion contends the trial court erred by failing to award fees charged by paralegals and attorneys other than its lead counsel. We reverse the court's ruling on this issue.

Santora, an attorney and former vice-president of American Combustion, sued American for breach of his employment contract and for defamation and sought damages in excess of $1 million. During the course of discovery, American served on Santora interrogatories and requests for production of documents. This discovery required Santora to produce, among other things, all documents relating to Santora's employment with American and any communications between Santora and anyone else regarding his employment with American and his claims against American. Discovery progressed, culminating in a consolidated pretrial order stating that

all discovery had been completed. Pursuant to the trial court's order, the parties were required to exchange "privilege logs" identifying any documents a party had withheld from the other as attorney-client privileged or as work product. In early 1994, Santora's counsel sent American's attorney a letter stating no such documents had been withheld.

In late 1989 and early 1990, however, after his termination from American, Santora had sold some of his stock in the company to an investment firm. The partners in that firm became aware of Santora's dispute with American and were concerned a suit against the company might reduce the value of their stock. As part of the stock sale transaction, the investment firm obtained from Santora a document that purports to completely release and discharge any claims Santora might have against American except an employment claim for a maximum of $250,000. The release agreement also includes a confidentiality provision. Santora did not produce this document in discovery, nor did he testify about its existence when asked about conversations with members of the investment firm.

In March 1994, the investment firm provided a copy of this release agreement to American pursuant to the company's subpoena. A partner in the investment firm testified it had not provided American with the document at any earlier date. American filed its motion for sanctions, alleging Santora had concealed this relevant evidence. The trial court imposed the drastic sanction of dismissal with prejudice.

## Case No. A96A2250

1. (a) Santora claims the evidence does not support the trial court's finding, made after a hearing, that he wilfully concealed this highly relevant release agreement from American. He also contends he was not required to produce the document because American knew about it. A judgment right for any reason will be affirmed, and we conclude that the trial court was authorized to dismiss the complaint as a discovery sanction under OCGA § 9-11-37. We therefore need not address the trial court's exercise of its inherent authority under OCGA § 15-1-3. See *Orkin Exterminating Co. v. McIntosh*, 215 Ga. App. 587, 590 (3) (452 SE2d 159) (1994).

In determining whether a party has abused discovery, the trial court sits as trier of fact, and this Court will uphold a finding of wilful discovery abuse if there is any evidence to support it. *Addington v. Anneewakee, Inc.*, 204 Ga. App. 521, 522 (420 SE2d 60) (1992). As the facts recited above indicate, the record supports the trial court's finding that the release document was relevant to the issues and should have been produced in discovery regardless of whether the release

was enforceable. Evidence showed that in September 1992, Santora's attorney had a copy of this release agreement and received a letter from the investment firm's attorneys stating the firm considered the confidentiality provision waived and was contemplating releasing the document to American Combustion. Given this evidence, the trial court was authorized to conclude that Santora consciously and intentionally failed to turn over this document relevant to American's discovery requests. See *Stolle v. State Farm Mut. Auto. Ins. Co.*, 206 Ga. App. 235, 236-237 (3) (424 SE2d 807) (1992). The trial court certainly did not err in rejecting Santora's untimely claims of "privilege." *McIntosh*, supra at 591 (3).

(b) Santora also contends the trial court had no authority to dismiss his complaint because he had violated no order compelling him to produce this document. See OCGA § 9-11-37 (b); *Strejc v. MARTA*, 197 Ga. App. 88, 89 (397 SE2d 501) (1990) (violation of order compelling production is prerequisite to sanction of dismissal). The trial court found Santora had violated its deadline order for completion of discovery. In light of Santora's claim of privilege, the trial court determined Santora had also violated its orders requiring that privileged documents be identified to opposing counsel. We find as we did in *McIntosh*, supra at 590 (3), that Santora's false and misleading discovery responses prevented American from compelling production of this document; therefore, "the requests and rulings on the part of counsel and the trial court [to ensure completion of discovery] accordingly will be construed as the equivalent of a motion to compel and order compelling discovery under OCGA § 9-11-37 (a)." Id.

"A very broad discretion is granted judges in applying sanctions against disobedient parties in order to assure compliance with the orders of the courts. By OCGA § 9-11-37 (b) (2) (C) the courts are specifically granted the discretion to dismiss complaints or to render default judgments against disobedient parties. . . . Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act." (Citations and punctuation omitted.) *Sellers v. Nodvin*, 207 Ga. App. 742, 744-745 (1) (429 SE2d 138) (1993). In this case, the trial court found Santora wilfully attempted to conceal from his opponent a document that, at least facially, could have had a major impact on this litigation. Under these circumstances, we cannot say the trial court erred by imposing the ultimate sanction of dismissal. See *Schrembs v. Atlanta Classic Cars*, 261 Ga. 182, 183 (402 SE2d 723) (1991) (dismissal upheld for wilful failure to answer discovery requests); *Sellers*, supra.

2. Santora also appeals the trial court's award of $75,000 in legal

fees and expenses against him personally, pursuant to the provisions of OCGA § 9-15-14 (b). That statute allows the trial court to assess reasonable and necessary legal fees and expenses when a party has brought a claim without substantial justification or has "unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery. . . ." In a vague argument, Santora contends the evidence does not support this award. We review the grant of attorney fees and expenses under OCGA § 9-15-14 (b) only for abuse of discretion. *Haggard v. Bd. of Regents*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987). Based on the evidence before it, the trial court did not abuse its discretion by making this award. The court continued the hearing on attorney fees in order to allow American's lead counsel to be deposed. The court awarded only those fees it determined were reasonable and necessarily related to this case, as supported by the testimony of American's lead counsel. See *Campbell v. Bausch*, 195 Ga. App. 791, 792 (2) (b) (395 SE2d 267) (1990). American's attorney introduced her detailed billing records, explained how she computed the amounts attributable to this unnecessary litigation, and was cross-examined by Santora's counsel. The court reduced the fees sought based upon work being used in other litigation brought by Santora. The evidence supports the trial court's award, and this enumeration therefore is without merit.

### Case No. A96A2251

3. The trial court also reduced the fee award because some of the work in the billing statements was done not by lead counsel but by other attorneys and paralegals in her firm. In the cross-appeal, American claims the trial court erred by rejecting its claim for legal fees and expenses incurred by these other professionals.

It is well established that to recover attorney fees both their actual cost and their reasonableness must be shown. See, e.g., *Southern Cellular Telecom v. Banks*, 209 Ga. App. 401, 402 (433 SE2d 606) (1993). Billing statements are often used to prove actual costs. Subject to the laying of an adequate foundation, these statements are admissible under the business record exception to the hearsay rule, OCGA § 24-3-14. See *N. D. T., Inc. v. Connor*, 196 Ga. App. 314, 316 (6) (395 SE2d 901) (1990). OCGA § 24-3-14 (c) provides that lack of personal knowledge by the maker of the records does not affect the records' admissibility but affects only the weight to be accorded this evidence.

To show the reasonableness of the actual costs demonstrated by the billing records, parties will usually proffer the opinion testimony of their counsel or other attorneys. But such testimony is not an invariable requirement. *Carpet Transport v. Kenneth Poley Interiors*, 219

Ga. App. 556, 558 (2) (a) (466 SE2d 70) (1995). It is merely an effort to demonstrate what the expert witness considers a reasonable professional fee, in light of the particular litigation history of the case. *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (285 SE2d 203) (1981). As we noted in *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 668-669 (2) (476 SE2d 43) (1996), at a hearing held to determine the amount of attorney fees recoverable, "each attorney for whose service compensation is sought must provide admissible evidence of fees in the form of personal testimony, or through the testimony of the custodian of the applicable billing records, as an exception to the hearsay exclusion. See OCGA § 24-3-1. The defendant has the right to cross-examine each witness on the amount and reasonableness of the fees and costs requested." Id. at 669 (3). It is clear, however, that the witnesses need not be the attorneys or paralegals who performed the work.

Because our holdings in *Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (3) (447 SE2d 83) (1994), cited by the trial court, and *Southern Co. v. Hamburg*, 220 Ga. App. 834, 842-843 (5) (470 SE2d 467) (1996), appear to conflict with this rule, we take this opportunity to clarify those holdings. In neither of those cases does the opinion indicate that billings were tendered as evidence under the business records exception to the hearsay rule, and we cannot assume that such was the case. In *Mitcham*, we reversed the trial court's award of attorney fees on the basis that "no admissible evidence support[ed] the trial court's award" and "plaintiff was not provided opportunity to cross-examine the two attorneys and the paralegal who" did the work for which billing summaries were submitted. Id. at 33 (2). In *Hamburg*, billing summaries were introduced, but nothing in the opinion suggests that the records were properly introduced under OCGA § 24-3-1.

We note as well that in a number of cases in which this Court has held that the proof presented was inadequate to support a fee award, the circumstances are similarly distinguishable. In *First Union Nat. Bank v. Davies-Elliott, Inc.*, 215 Ga. App. 498, 503 (1) (b) (452 SE2d 132) (1994), no billing records were introduced; the case was taken on a contingency basis, and the testifying lead counsel had no personal knowledge of the work done by other attorneys. In *Oden*, supra, no billing statements were introduced and no personal testimony was given. The *only* evidence introduced in support of attorney fees was the affidavit of lead counsel, which stated only that a certain number of hours of work had been performed by associates. No evidence was introduced showing that the affiant had personal knowledge of these hours. Our holding in *Hercules Automotive v. Hayes*, 194 Ga. App. 135, 136-137 (4) (389 SE2d 571) (1989), was based upon a complete failure to introduce any evidence of reasonableness. In

several other cases, billing statements were presented, but the statements represented work on more than one matter and the court could not discern which hours or how many hours were attributable to cases other than the one in which the fees were sought. Our holdings in those cases that the proof of attorney fees presented was insufficient are supportable on that ground: failure to separate and identify matters for which fees were recoverable in the cases in issue. See, e.g., *Citadel Corp. v. All-South Subcontractors*, 217 Ga. App. 736, 737-739 (1) (458 SE2d 711) (1995) (evidence presented failed to distinguish between recoverable and non-recoverable fees); *Southern Cellular Telecom*, supra at 402 (time sheets inadequately differentiated between matters). Compare *Campbell v. Bausch*, supra (billing statements admitted into evidence, and testimony sufficiently clarified which charges attributable to matter in issue).

At the hearing on attorney fees in this case, American's lead counsel introduced detailed billing records. She explained how she computed the amounts attributable to this litigation, separating out work done on this particular action brought by Santora from other suits he had filed. She was cross-examined at her deposition by Santora's counsel. These statements were clearly admissible as business records. Moreover, although some of the work billed was that of associates and paralegals, lead counsel testified on her deposition that she supervised them and had personal knowledge of and was very familiar with the work they were doing. We hold that because the billing statements were admissible as business records, sufficient proof of the actual cost of the work performed by others in the firm was presented. The actual cost of the legal services was therefore proved.

Counsel's opinion testimony as to reasonableness of the work done was also firmly grounded. Counsel was an experienced litigator and she was intimately familiar with this litigation. Because counsel's testimony was competent to show the reasonableness of the billings, American met its burden of proof as to the attorney fees. The trial court erred in excluding that portion of the billings representing fees of the professionals supervised by American's lead counsel.

*Judgment affirmed in part and reversed in part. Andrews, C. J., and Pope, P. J., concur.*

DECIDED MARCH 12, 1997 —
RECONSIDERATION DENIED MARCH 28, 1997 —

*Dent Acree, George G. Dean II*, for appellant.

*Nelson, Mullins, Riley & Scarborough, Sylvia K. Kochler, John C. Amabile, Edward C. Brewer III*, for appellees.