503 S.E.2d 383 (1998)
233 Ga. App. 135
SOUTHERN COMPANY et al.
v.
HAMBURG.
HAMBURG
v.
SOUTHERN COMPANY et al.
Nos. A98A0322, A98A0323.
Court of Appeals of Georgia.
June 29, 1998.
*384 Jones, Day, Reavis & Pogue, W. Lyman Dillon, David M. Monde, Atlanta, for appellants.
Arnall, Golden & Gregory, Kevin B. Getzendanner, Scott E. Taylor, Atlanta, for appellee.
McMURRAY, Presiding Judge.
This case first appeared in Southern Co. v. Hamburg, 220 Ga.App. 834, 842(5), 470 S.E.2d 467, cert. denied at 220 Ga.App. 914, after a jury awarded Jeffrey R. Hamburg damages for breach of contract and defamation. The jury also found that The Southern Company ("Southern"), Southern Electric International ("SEI") and Paul DeNicola are responsible for Hamburg's attorney fees and expenses of litigation. After a hearing on these damages, the trial court awarded Hamburg $2,009,681 based on Hamburg's proffer of billing sheets, expense reports and summaries recording time and expenses allegedly provided by Hamburg's lead attorney and many others. Because most of these billings were purportedly recorded by persons (primarily attorneys) who were not proffered to authenticate their work, this Court held in Hamburg that the billing summaries "`constitute nothing more than "hearsay, and hearsay, even when admitted into evidence without objection, lacks probative value to establish any fact. Howell Mill/Collier Assoc. v. Penny packer's, 194 Ga.App. 169, 171(2), 390 S.E.2d 257." Mitcham v. Blalock, 214 Ga.App. 29, 31(2), 32 [ 447 S.E.2d 83].' Citadel Corp. v. All-South Subcontractors, 217 Ga.App. 736, 737(1), 738, 458 S.E.2d 711." Southern Co. v. Hamburg, 220 Ga.App. 834, 842(5), 470 S.E.2d 467, supra. This Court, therefore, remanded the case for an evidentiary hearing to establish the amount of attorney fees attributable to probative evidence offered at the hearing. Id. at 842(5), 470 S.E.2d 467, supra. The trial court, however, reentered its prior $2,009,681 attorney fees and expenses of litigation award based on the proffer this Court rejected in Southern Co. v. Hamburg, 220 Ga.App. 834, 842(5), 470 S.E.2d 467, supra. Southern, SEI and DeNicola challenge this judgment in Case No. A98A0322. Hamburg cross-appeals in Case No. A98A0323, contending the trial court erred in failing to allow the introduction of additional evidence supporting his claim for attorney fees and expenses of litigation. We now consider both appeals. Held:
The trial court reasoned that the billing sheet proffers rejected in Southern Co. v. Hamburg, 220 Ga.App. 834, 842(5), 470 S.E.2d 467, supra, were admissible as business records under Santora v. American Combustion, 225 Ga.App. 771, 774(3), 775-776, 485 S.E.2d 34. While Santora held that legal billing sheets are admissible under Georgia's statutory business records exception to the hearsay rule, Santora injects this conclusion without overruling Southern Co. v. Hamburg, 220 Ga.App. 834, 842(5), 470 S.E.2d 467, supra, or speaking to or applying precepts of necessity, trustworthiness and reliabilitythe fundamental requisites for application of this venerable exception to the rule against the admission of hearsay. See Fielder v. Collier, 13 Ga. 496, 499. Such analysis is not only essential for aligning judicial authority, but is required under OCGA § 24-3-1(b)'s requirement that "[h]earsay evidence is admitted only in specified cases from necessity." Nonetheless, while recognizing the trial court's understandable confusion over what to do in light of the panel decision in Santora, these cases do not control the cases sub judice. Our holding in Southern Co. v. Hamburg, 220 Ga.App. 834, 842(5), 470 S.E.2d 467, supra, became the law of the case after the Supreme Court of Georgia denied Hamburg's certiorari application at 220 Ga.App. 914. See Grindle v. Chastain, 229 Ga.App. 386, 389(2), 493 S.E.2d 714. It thus follows that the trial court erred in entering a $2,009,681 judgment for Hamburg based on the evidentiary proffer this Court rejected in Southern Co. v. Hamburg, 220 Ga.App. 834, 842(5), 470 S.E.2d 467, supra. The only remaining issue, then, is Hamburg's contention that the trial court erred in failing to allow him to proffer additional evidence supporting his claim for attorney fees and expenses of litigation. To this extent, we find it sufficient to restate our prior citation to Southern Cellular Telecom *385 v. Banks, 209 Ga.App. 401, 433 S.E.2d 606, and direct the trial court to conduct an evidentiary hearing to establish the amount of attorney fees and expenses of litigation attributable to probative evidence offered at the hearing. But the trial court's concern over the basis of this Court's holding in Southern Co. v. Hamburg, 220 Ga.App. 834, 842(5), 470 S.E.2d 467, supra, appears to require more than our prior citation to Southern Cellular Telecom v. Banks, 209 Ga.App. 401, 433 S.E.2d 606, supra.
In Banks, this Court rejected that trial court's award of attorney fees based on a proffer of billing sheets, pointing out that such unimpeachable submissions are insufficient without opportunities at cross-examining the out-of-court declarants (attorneys) who submitted the billings. This Court then remanded Banks with direction for the trial court to conduct an evidentiary hearing to establish the amount of attorney fees. Id. at 402, 433 S.E.2d 606, supra. Since the cases sub judice and Banks pour from the same procedural and evidentiary cup, it was and still is consistent to remand the cases sub judice, as in Banks, with directions for the trial court to conduct an evidentiary hearing and a de novo investigation into probative evidence offered at that hearing to establish the amount of attorney fees. This posture, as well as this Court's holding in Banks, is consistent with the general rule that the effect of a reversal on appeal is to nullify the trial court's judgment and return the parties to the same positions they occupied before judgment. Franklyn Gesner Fine Paintings v. Ketcham, 259 Ga. 3, 4(6)(a), 375 S.E.2d 848. It follows that the trial court erred in refusing Hamburg's proffer supporting his claim for attorney fees and expenses of litigation.
Any further confusion attributable to conflicting appellate court opinions on the subject at issue in the cases sub judice may be explained by citations and analysis found in this Court's recent holding in Schluter v. Perrie, Buker, Stagg & Jones, P.C., 230 Ga. App. 776, 498 S.E.2d 543.
Judgment reversed and cases remanded.
BLACKBURN and ELDRIDGE, JJ., concur and also concur specially.
ELDRIDGE, Judge, concurring specially.
While I concur with both the opinion and judgment of the majority, I feel that further clarification of the proof necessary in attorney fee awards is necessary.
In Santora v. American Combustion, 225 Ga.App. 771, 774(2), 485 S.E.2d 34 (1997), the evidence showed that lead counsel was deposed and "[she] introduced her detailed billing records, explained how she computed the amounts attributable to this unnecessary litigation, and was cross-examined by [opposing] counsel." "Billing statements are often used to prove actual costs. Subject to the laying of an adequate foundation, these statements are admissible under the business record exception to the hearsay rule, OCGA § 24-3-14. See N.D.T., Inc. v. Connor, 196 Ga.App. 314, 316(6), 395 S.E.2d 901 (1990). OCGA § 24-3-14(c) provides that lack of personal knowledge by the maker of the records does not affect the records' admissibility but affects only the weight to be accorded this evidence.... As we noted in Oden v. Legacy Ford-Mercury, 222 Ga.App. 666, 668-669(2), 476 S.E.2d 43 (1996), at a hearing held to determine the amount of attorney fees recoverable, `each attorney for whose service compensation is sought must provide admissible evidence of fees in the form of personal testimony, or through the testimony of the custodian of the applicable billing records, as an exception to the hearsay exclusion. See OCGA § 24-3-1. The defendant has the right to cross-examine each witness on the amount and reasonableness of the fees and costs requested.' Id. at 669(3) [476 S.E.2d 43]. It is clear, however, that the witness need not be the attorneys or paralegals who performed the work [if testifying either as the custodian of the records or as an expert witness as to the reasonableness of the attorney fees charged]." Id. at 774-775, 485 S.E.2d 34.
Thus, the witness laying the foundation for the billing records of all the attorneys and paralegals must lay the foundation for the admission as business records kept in the regular course of business and that it was the regular course of business to make such records. *386 OCGA § 24-3-14. "[T]he Georgia Business Records Act does not require that the person laying the foundation for [the] business records' admissibility be the custodian of the records, that is, be the person who `keeps the records' under his `control and supervision.' Thus,'[n]o particular person, such as a bookkeeper or salesman, is required to be called,' rather `[a]ny person who is familiar with the method of keeping the records and can identify them may lay the necessary foundation.' Green, Ga. Law of Evid. (3d ed.), Business Entries, § 313. It would appear that the necessary degree of familiarity could be obtained through a number of common business practices, such as being the records' custodian, making the entries during the usual course of employment, observing the method of record keeping through on-the-job training, experience or observation, or by attending courses of instruction sponsored by the business regarding the method of keeping the particular business records in question. The manner in which familiarity is obtained, like the question of whether the witness has personal knowledge of the particular business entry, goes only to weight and not to document admissibility." Hertz Corp. v. McCray, 198 Ga.App. 484, 486(2), 402 S.E.2d 298 (1991).
"It has long been the accepted rule in Georgia that when the pertinent and essential facts can be ascertained only by an examination of a large number of voluminous entries in books of accounts or business records, an auditor or another familiar with the records who has made an examination and analysis of the books and figures may testify as a witness and give summarized statements of what the books show as a result of his investigation. [Cit.]" Dept. of Transp. v. Delta Machine Prods. Co., 157 Ga.App. 423, 426(3), 278 S.E.2d 73 (1981); accord DeKalb County v. Beacon Indus., 187 Ga.App. 370, 372(2), 370 S.E.2d 191 (1988). "Summarized statements of what books of account and records show are admissible, provided the books and records themselves are accessible to the court and the parties. [Cit.]" Vaughn & Co. v. Saul, 143 Ga.App. 74, 79, 237 S.E.2d 622 (1977); accord Morris v. Nat. Western Life Ins. Co., 208 Ga.App. 443, 444(1) 430 S.E.2d 813 (1993); Tyner v. Sheriff, 164 Ga. App. 360(2), 297 S.E.2d 114 (1982).
However, where there has been legal representation in a claim or counterclaim and not all billings are subject to the award of attorney fees, the claimant has the burden of proof and must segregate out the hours that are recoverable from those hours not recoverable. Southern Cellular Telecom v. Banks, 209 Ga.App. 401, 402, 433 S.E.2d 606 (1993). In this case where there were successful and unsuccessful claims, the claimant must establish such special damages for attorney fees and expenses with reasonable certainty. Id. Santora v. American Combustion, supra at 776, 485 S.E.2d 34, recognized this in holding: "Our holding in those cases that the proof of attorney fees presented was insufficient are supportable on that ground: failure to separate and identify matters for which fees were recoverable in the cases in issue. [Cits.] ... At the hearing on attorney fees in this case, [claimant's] lead counsel introduced detailed billing records. She explained how she computed the amounts attributable to this litigation, separating out work done on this particular action brought by [the opposite party] from the other suits he had filed. She was cross-examined at her deposition by [opposing] counsel. These statements were clearly admissible as business records. Moreover, although some of the work billed was that of associates and paralegals, lead counsel testified on her deposition that she supervised them and had personal knowledge of and was very familiar with the work they were doing." Id. at 776, 485 S.E.2d 34. Thus, there must be admissible evidence to prove the work done by each attorney was related to the claims that were successful and was reasonable.
I am authorized to state that Judge BLACKBURN joins in this special concurrence.