NATIONAL FIRE INSURANCE COMPANY OF HARTFORD and Valley Forge Insurance Company, Plaintiffs,

v.

THRASHER CONTRACTING, LLC, and Michael Thrasher, Defendants.

Civil Action No. 1:14-CV-1997-AT.

United States District Court, N.D. Georgia, Atlanta Division.

Signed Sept. 30, 2015.

Lawrence Brannen Domenico, Deborah Shelles Cameron, Mozley, Finlayson & Loggins, LLP, Atlanta, GA, for Plaintiffs.

---

## *ORDER*

AMY TOTENBERG, District Judge.

On August 31, 2015, the Court granted in part Plaintiffs' motion for default judgment and directed Plaintiffs' to file both an itemization of attorneys' fees as well as an interest calculation on Plaintiffs' judgment. (Doc. 18.) On September 8, 2015, Plaintiffs submitted affidavits and other evidence supporting their assertions as to both. (Doc. 19.) Defendants did not respond to that submission.

## I. JUDGMENT AMOUNT

■ The Court previously found Plaintiffs entitled to judgment on all of their claims. The Court may award damages "only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir.1985) (citation and internal punctuation omitted). The affidavit and exhibit thereto submitted by Plaintiffs affirming its interest calculation sufficiently supports a judgment, inclusive of interest, in the amount of $95,821.34. (*See* Doc. 19–2.)

## II. ATTORNEYS' FEES AND LITIGATION EXPENSES

■ The Court previously found Plaintiffs entitled to attorneys' fees pursuant to O.C.G.A. § 13–6–11 because Defendants "have been stubbornly litigious and have put Plaintiffs to unnecessary trouble and expense by forcing Plaintiffs to file this action for damages." (Doc. 18 at 10.) An award of attorneys' fees under O.C.G.A. § 13–6–11 is authorized only where the plaintiff provides the Court with evidence demonstrating that the fees and expenses were reasonably incurred. *See Eways v. Georgia R.R. Bank*, 806 F.2d 991 (11th Cir.1986); *Great Am. Ins. Co. v. Int'l Ins. Co.*, 753 F.Supp. 357, 364 (M.D.Ga. 1990); *S. Cellular Telecom v. Banks*, 209 Ga.App. 401, 402, 433 S.E.2d 606, 607 (1993). Plaintiffs bear "the burden of proof and must segregate out the hours that are recoverable from those hours not recoverable." *Whitaker v. Houston County Hospital Auth.*, 272 Ga.App. 870, 613 S.E.2d 664, 669 (2005) (quoting *Southern Co. v. Hamburg*, 233 Ga.App. 135, 139, 503 S.E.2d 383 (1998) (Eldridge, J., concurring specially) (internal citations omitted)). Plaintiffs also bear the burden of demonstrating the reasonableness of the attorney hours worked and the rates claimed. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Norman v. Housing Auth.*, 836 F.2d 1292, 1299–1304 (11th Cir.1988).

■ Plaintiffs have met their burden. The Court has reviewed the evidence offered by Plaintiffs and finds the attorneys' rates and the hours spent on each task are reasonable given the facts in this case and the particulars of the supplemental briefing twice required by the Court. The litigation expenses requested are also reasonable. Accordingly, the Court awards Plaintiffs $19,563.63 in attorneys' fees and $1,004.80 in litigation expenses. (*See* Doc. 21.)

For the foregoing reasons, the Clerk is **DIRECTED** to enter judgment against

Defendants, jointly and severally, for $95,821.34. The Court also **AWARDS** Plaintiffs **$19,563.63** in attorneys' fees and **$1,004.80** in litigation expenses. The Clerk is **DIRECTED** to close the case.