**Lawrence D. EDELEN, Plaintiff,**

v.

**CAMPBELL SOUP COMPANY, et al., Defendants.**

Civil Action No. 1:08–cv–00299–JOF–LTW.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 2, 2010.

---

Francis Xavier Moore, Frank X. Moore &
Associates, Atlanta, GA, Michael J. Kator,

Kator, Parks Weiser, PLLC, Washington, DC, for Plaintiff.

Eric Paul Berezin, Erin Penn Harris, Duane Morris, LLP, Teeka K. Harrison, Ashe Rafuse & Hill, Atlanta, GA, for Defendants.

## OPINION & ORDER

J. OWEN FORRESTER, Senior District Judge.

This matter is before the court on Defendants' motion to dismiss and/or terminate Defendants Conant, Salzberg, and Morrison as parties [123]; Plaintiff's motion for contempt [137]; Plaintiff's motion for default judgment as to Defendant Salzberg [152]; the November 20, 2009, Non–Final Report and Recommendation of Magistrate Judge Linda T. Walker [166]; Plaintiff's objections thereto [175]; Plaintiff's motion for an extension of time to file objections [171]; Plaintiff's emergency motion to amend submission to magistrate judge [176]; and Defendants' motion for clarification [180].

## I. Background

Plaintiff, Lawrence Edelen, filed suit against Defendants Campbell Soup Company, Campbell Sales Company, Douglas Conant, Michael Salzberg, and Denise Morrison on January 28, 2008, alleging that Defendants violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by discriminating against him on the basis of his race and gender. Plaintiff also raised state law claims of fraud, negligent retention and supervision, and breach of duties. In a Non–Final Report and Recommendation dated September 25, 2008, Magistrate Judge Walker recommended that Plaintiff's fraud, negligent retention and supervision, breach of duties, punitive damages and attorney's fees claims be dismissed. She recommended that Plaintiff's race and gender discrimination claims proceed. This court adopted the Non–Final Report and Recommendation of the Magistrate Judge.

In an order dated December 8, 2009, over Plaintiff's objections, this court also adopted the Magistrate Judge's July 31, 2009, discovery order as the order of this court. The court noted that the discovery process had become increasingly contentious and that Magistrate Judge Walker had been closely and thoroughly supervising the parties and the litigation. As such, the court expressed reluctance to second-guess the Magistrate Judge on matters of discretion when she had the best opportunity to observe the parties. The court continues to use these thoughts as guideposts.

The November 20, 2009, Non–Final Report and Recommendation of the Magistrate Judge contains both discovery orders and recommendations on dispositive motions. The court considers these separately, noting as to the discovery matters that Federal Rule of Civil Procedure 72(a) states that a "party may serve and file objections to" a Magistrate Judge's non-dispositive order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See* Fed. R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A); *Addison v. Gwinnett County*, 917 F.Supp. 802, 808 (N.D.Ga.1995) (Evans, J.). "Clear error is a highly deferential standard of review. As the Supreme Court has explained, a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir.2005) (internal citations and quotation marks omitted). On dispositive motions, the court conducts *de novo* review. *See* 28 U.S.C. § 636(b)(1)(B) & (C).

## II. Plaintiff's Objections

Plaintiff makes eight objections to the Non–Final Report and Recommendation of the Magistrate Judge, arguing the Magistrate Judge erred: (1) in denying Plaintiff's motion for default judgment against Defendant Salzberg because he failed to file an answer within ten days after his motion to dismiss was partially denied; (2) in denying Plaintiff's motion for sanctions for Defendants' excessive designation of documents as confidential; (3) in granting Defendant Salzberg's motion to dismiss because Plaintiff has

already raised sufficient issues against Defendant Salzberg and discovery continues; (4) in concluding that certain documents were privileged because the mere fact an employee communicates with in-house counsel does not render the communication privileged and the Magistrate Judge should not have considered any *ex parte* evidence on the matter of privilege; (5) failing to hold Defendants in contempt for lack of good faith meeting and conferring; (6) failing to order Defendants to pay attorney's fees for prematurely filing a motion for sanctions in violation of the court's orders; (7) providing Defendants an additional opportunity to submit evidence to support a fee award; and (misnumbered 8) in limiting Plaintiff's ESI search term requests because Plaintiff's requests were reasonable and in finding that Plaintiff's Rule 30(b)(6) notices were unenforceable.

Only two of these objections go to dispositive motions, (1) and (3). A third, objection (5) relates to a matter of contempt, a motion upon which a Magistrate Judge can only make a recommendation. As the court described above, over a year ago, in a Non–Final Report and Recommendation dated September 25, 2008, Magistrate Judge Walker recommended that the claims Plaintiff had made against the individual defendants—fraud, negligent retention and supervision, breach of duties, punitive damages and attorney's fees claims—be dismissed. She recommended that Plaintiff's race and gender discrimination claims proceed. In that same order, the Magistrate Judge also determined that the court could not exercise personal jurisdiction over Defendants Conant and Morrison. This court adopted the Magistrate Judge's Report and Recommendation on December 10, 2008. At this point, it is beyond clear that Defendants Conant and Morrison were no longer parties to the litigation because the court determined it could not exercise personal jurisdiction over them.

For reasons the court does not pretend to understand, Plaintiff apparently continued to assert these defendants, as well as Defendant Salzberg, were still part of the litigation, such that on April 23, 2009, Defendants Salzberg, Conant, and Morrison were forced to file the instant motion to dismiss asking the court to formally and finally dismiss them from the lawsuit with prejudice, and that their names be removed from the docket's case caption, that they be terminated on the docket, and that they be excluded from the case caption on all future filings. Plaintiff's response to this motion to dismiss is a series of complaints about the manner in which discovery has proceeded, some vague allegations (with no record citation) that these Defendants were personally involved in the decision to terminate Plaintiff, and a conclusion that Plaintiff's counsel would like the briefing stayed because of the parties' mediation attempts.

The key here, of course, is that in December 2008, the court adopted the Report and Recommendation of the Magistrate Judge which dismissed all counts of Plaintiff's complaint raised against the individual Defendants. The fact that these individuals may or may not be involved in the decision to terminate Plaintiff is of no moment. Plaintiff's remaining discrimination claims cannot be brought against individual defendants, and certainly no claim in this court can be brought against a defendant over whom the court has found it has no personal jurisdiction.

■ In his objections, Plaintiff argues that the court denied Defendants' motion to dismiss or in the alternative for partial summary judgment as to Counts II, III, and V, and therefore, Defendant Salzberg was required to file an answer and remains in the litigation. *See* Objections, at 2–5. Count II is a race and color discrimination claim against Campbell Soup and Campbell Sales. Count III is a sex discrimination claim against Campbell Soup and Campbell Sales. Count V is a violation of the Civil Rights Act of 1866 claim against Campbell Soup and Campbell Sales. Thus, none of the three claims surviving Defendants' motion to dismiss were brought against any of the individual defendants. The idea that because Salzberg was one of the "Defendants" who brought the motion to dismiss and that motion was denied as to Counts II, III, and V, and thus, Salzberg should have to answer the complaint is preposterous when Counts II, III, and V were never—and could not ever

be—brought against any individual defendant. For these same reasons, Plaintiff's motion for default judgment against Defendant Salzberg is without merit. There was no count of Plaintiff's complaint remaining on which Defendant Salzberg had to answer. Finally, the fact that discovery is still open does not counsel against granting the motion to dismiss. As the court has explained, the legal causes of action that remain in Plaintiff's complaint cannot be brought against individuals. Therefore, regardless of what additional information may be gleaned in discovery, there will be no causes of action against individual defendants.

Therefore, the court finds that the Magistrate Judge appropriately recommended that Defendants' motion to dismiss and/or terminate Defendants Conant, Salzberg, and Morrison as parties be GRANTED IN PART AND DENIED IN PART and that Defendants Conant, Salzberg, and Morrison be DISMISSED WITH PREJUDICE. The motion is granted in all respects except that Defendants' request that Defendants Conant, Salzberg, and Morrison be removed from the case caption on the docket is DENIED. The court overrules Plaintiff's objections (1) and (3) and notes that Plaintiff's complaints about the admonitions the Magistrate Judge made toward him are without merit. In fact, the court agrees with the Magistrate Judge that Plaintiff's motion for default "borders on being not only frivolous but also vexatious and abusive."

The remainder of Plaintiff's objections (with the exception of the contempt matter discussed below) go to discovery orders of the Magistrate Judge. The Magistrate Judge denied Plaintiff's motion for sanctions for Defendants' excessive designation of documents as confidential. The Magistrate Judge's Report and Recommendation reviews the history of the parties' various meetings on the issue of confidentiality. *See* Report and Recommendation, at 31–34. The Magistrate Judge concluded that Defendants conferred with Plaintiff on each occasion Plaintiff contended documents were marked confidential without cause. Defendants also removed the designation from numerous documents at Plaintiff's request. Defendants

offered that a large number of documents had to be marked confidential because they contained the personnel files of numerous employees not party to the lawsuit. Further, the Magistrate Judge noted that Plaintiff had not pointed to any document in particular that he felt was improperly designated. In his second objection, Plaintiff simply states that "Defendants' rampant bad faith . . . warranted sanctions." *See* Objections, at 6. Plaintiff's objection, however, makes no argument as to why the Magistrate Judge's ruling denying sanctions in this case was clearly erroneous and, therefore, the court does not alter it. The court overrules Objection No. 2.

In her Report and Recommendation, Magistrate Judge Walker considered the matter of four pages of documents Defendants produced during the course of discovery. Defendants orally requested that the court direct Plaintiff to destroy or return these documents as they were inadvertently produced and contained attorney-client privileged material. The Magistrate Judge described these documents as "concerning email communications between in-house counsel for Campbell Soup and human resources managers for the purpose of rendering legal advice." *See* Report and Recommendation, at 37. Plaintiff argued that the documents were not privileged and their production was not inadvertent. Magistrate Judge Walker determined that the documents were privileged on their face because they sought legal advice from in-house counsel and that they were inadvertently produced because Defendants had three levels of attorneys review their production and only four pages out of 2000 were inadvertently produced. *Id.* at 39. The Magistrate Judge ordered Plaintiff to destroy the documents. Because Defendants had conferred with Plaintiff over the matter and because the Magistrate Judge determined that the documents were privileged and had been produced inadvertently, the Magistrate Judge denied Plaintiff's motion for sanctions for Defendants' voluntary production of allegedly privileged documents.

■ In his objections, Plaintiff argues that the documents are not privileged because the

mere fact that an employee communicates with her employer's in-house attorney does not suffice to attach the privilege. The Magistrate Judge, however, not only found that the communications were between a human resources employee and an in-house counsel, she also determined that the communications sought legal advice. Plaintiff has made no specific argument as to why the totality of the Magistrate Judge's conclusion is clearly erroneous and the court finds that it is not. The court overrules Plaintiff's Objection No. 4.

Plaintiff also argues that Defendants failed to meet and confer with Plaintiff as instructed by the Magistrate Judge and that this failure as well as other issues Plaintiff's counsel had with Defendants' counsel should have resulted in the Magistrate Judge granting Plaintiff's motion for contempt. In her Report and Recommendation, however, the Magistrate Judge found that the parties met and conferred on the issue of the privileged documents, but that they eventually reached an "impasse." *See* Report and Recommendation, at 38 (citing transcript of Aug. 7, 2009, meet and confer). The Magistrate Judge also noted that Defendants were correct that the documents were protected by attorney-client privilege and were inadvertently produced. Therefore, Defendants' efforts to have Plaintiff's counsel return the documents were proper. On this record, the court, therefore, finds without merit, Plaintiff's objection that Defendants did not meet and confer. Because the court has agreed with the Magistrate Judge's determination that the documents are protected, the court also agrees with the Magistrate Judge's recommendation and denies Plaintiff's motion for contempt. The court overrules Plaintiff's Objection No. 5.

■ Plaintiff generally complains in Objection No. 6 that Defendants' counsel failed to cooperate and violated numerous local rules. Plaintiff states his counsel was required to spend time responding to improper motions by Defendants and yet Plaintiff was awarded no attorney's fees. Plaintiff contends, therefore, that the sanction of Plaintiff's counsel for failure to comply with a discovery order related to electronically stored information "at the same time refusing Plaintiff's meritorious motions for attorney's fees suggests or demonstrates that the standard for awarding attorney's fees appears to be one-sided." *See* Objections, at 14. Plaintiff's objections are too generalized for review. The fact that Defendants were awarded attorney's fees in one circumstance and Plaintiff was not in another is not a sufficient basis upon which to challenge the denial of attorney's fees. The court overrules Plaintiff's Objection No. 6.

The Magistrate Judge also considered Defendants' application for attorney's fees pursuant to the Magistrate Judge's order of July 31, 2009. *See* Report and Recommendation, at 16–29. Defendants requested $7,748 in attorney's fees. The Magistrate Judge's Report amply reviews the numerous attempts of Defendants to have Plaintiff reasonably narrow his discovery requests, as well as the numerous times the matter was discussed before the Magistrate Judge and orders she made with respect to the requests for electronically stored information. Ultimately, after much effort on the part of the Magistrate Judge and failure of Plaintiff to comply with her orders, the Magistrate Judge granted Defendants' motion for sanctions and awarded attorney's fees. Defendants made their fee application and the Magistrate Judge applied the appropriate case law to Defendants' application. *See* Report and Recommendation, at 24–29.

The Magistrate Judge found that Defendants' hourly rates were reasonable and also found that the total number of hours expended was reasonable, but noted that Defendants had not broken down their hours by task or provided the background billing records. *Id.* at 26. Defendants objected to producing the billing records, arguing they were privileged, but Plaintiff also objected stating that if Defendants did not produce their billing records, he would have no basis upon which to challenge their billing judgment. To address these concerns, the Magistrate Judge ordered Defendants to produce "competent, non-hearsay evidence of sufficient detail (including a more detailed description of the tasks performed and the amount of time spent on each task) so that

the Court can ascertain whether the amount of time spent preparing the Motion for Sanctions and preparing for the January 23, 2009 hearing was reasonable." *Id.* at 29. The Magistrate Judge also set forth a briefing schedule for Plaintiff to challenge this new material.

■ Plaintiff objects to this resolution because it allows Defendants a second opportunity to present evidence that should have been presented with the first application. Plaintiff contends that if the Magistrate Judge found Defendants' supporting records insufficient, she was obligated to reject the fee application. The court disagrees that the Magistrate Judge was under any such obligation; in fact, the contrary is true. *See Oxford Asset Management, Ltd. v. Jaharis,* 297 F.3d 1182, 1196 (11th Cir.2002) (holding that even where district court determines fee application is inadequate, it still must award a reasonable fee). The court finds nothing improper in the Magistrate Judge's decision to allow Defendants to produce additional supporting information and allowing Plaintiff an additional opportunity to challenge Defendants' billing judgment on the basis of that additional documentation. The court overrules (First) Objection No. 7.

Finally, as recounted in her Report and Recommendation, Plaintiff's two Rule 30(b)(6) notices were each nearly 40 pages long and contained 120 topics. *See* Report and Recommendation, at 42. It is not difficult to conclude that such notices are unreasonable in a single plaintiff employment discrimination action. The Magistrate Judge set out a scheduling order in an attempt to get the parties to reach resolution on the issue of the Rule 30(b) (6) notices and the electronic discovery requests. *See* Order, July 31, 2009. The Magistrate Judge directed Defendants to identify which particular electronic discovery requests it thought burdensome. Plaintiff could then respond to that identification. Plaintiff then proposed a request that encompassed 55 custodians and 50 search terms over a three year period. Defendants objected to this proposal noting that for 2006 alone, such a request would produce 474,456 pages of documents. Defendants proposed narrower search terms and fewer custodians. Plaintiff never filed objections to this proposal and the court directed Defen-

dants to conduct the search as they proposed.

The Magistrate Judge also directed Defendants to object to the portions of the Rule 30(b)(6) notices they believed were unreasonable. Defendants did so and Plaintiff was given the opportunity to respond. Instead, Plaintiff filed new notices requesting:

Topic No. 1: The existence, description, nature, custody, condition, and location of any documents or other tangible things that are relevant or are reasonably calculated to lead to the discovery of admissible evidence.

Topic No. 2: Campbell Soup's knowledge of any and all discoverable, non-privileged information regarding the allegations, claims, and defenses appearing in either Plaintiff's complaint or Campbell Soup's answer and written responses to discovery.

Topic No. 3: Campbell Soup's knowledge of any and all discoverable, non-privileged information regarding its actions or efforts to preserve information, documents or other evidence relating to Plaintiff's claims.

*See* Report and Recommendation, at 45. The Magistrate Judge determined that Topics 1 and 2 were too vague and broad. As to Topic No. 3, the Magistrate Judge determined that she would not make Defendants proffer a Rule 30(b)(6) witness on such a topic at this time but would revisit the issue if Plaintiff developed evidence to show Defendants had not honored their discovery obligations.

Plaintiff objects that the Magistrate Judge "erred in her findings and conclusions of law relating to the [electronically stored information] and the deposition notices." *See* Objections, at 15. Plaintiff contends that Defendants' simple cry of "burdensome" is factually unsupported. Plaintiff argues that the search terms proposed by him were reasonable and should have been adopted by the Magistrate Judge. Plaintiff also contends that he is being "whipsawed" on the matter of Rule 30(b)(6) notices because Defendants have complained both about too little and too much detail on the notices.

■ Based on Defendants' proffer as to the number of documents that would be gen-

erated by Plaintiff's proposed electronic search, the Magistrate Judge had a sufficient factual basis upon which to determine that Plaintiff's electronically stored information document request should be narrowed. Further, Plaintiff's complaints about Defendants' responses to his Rule 30(b)(6) notices are of no moment in determining whether the Magistrate Judge properly concluded that Topics 1–3 were overbroad, vague, or irrelevant. In fact, the court finds no error in the Magistrate Judge's rulings and overrules Plaintiff's (Second) Objection No. 7.

### III. Conclusion

The court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss and/or terminate Defendants Conant, Salzberg, and Morrison as parties [123]; DENIES Plaintiff's motion for contempt [137]; DENIES Plaintiff's motion for default judgment as to Defendant Salzberg [152]; ADOPTS the November 20, 2009, Non–Final Report and Recommendation of Magistrate Judge Linda T. Walker [166] as the ORDER of this court; and OVERRULES Plaintiff's objections thereto [175]. The court GRANTS Plaintiff's motion for an extension of time to file objections [171]; GRANTS Plaintiff's emergency motion to amend submission to magistrate judge [176]; and GRANTS Defendants' motion for clarification to state that Defendants' time to respond to Plaintiff's objections to the Report and Recommendation of the Magistrate Judge shall be calculated from December 16, 2009 and not December 10, 2009.

The Clerk of the Court is DIRECTED to indicate on the docket that Defendants Conant, Salzberg, and Morrison have been terminated as parties. The parties are DIRECTED to remove Defendants Conant, Salzberg, and Morrison's names from the case caption in future filings.

### MAGISTRATE JUDGE'S ORDER AND NON–FINAL REPORT AND RECOMMENDATION

LINDA T. WALKER, United States Magistrate Judge.

This matter is before the Court on Defendants' Motion to Dismiss and/or Terminate Defendants Conant, Salzberg and Morrison as parties; Plaintiff's First Motion for Sanctions (Excessive Designation of Confidentiality); Defendants' Oral Motion for the Return of Privileged Documents; Plaintiff's Motion for Contempt (Defendants' Voluntary Production of Allegedly Privileged Documents); Defendants' Application for Reasonable Attorneys' Fees Pursuant to the Court's July 31, 2009 Order; Plaintiff's Motion for Default Judgment Against Defendant Michael Salzberg; Plaintiff's Motion to Strike Motion to Dismiss and/or Terminate Defendants Conant, Salzberg and Morrison as Parties, for Sanctions Against Defendants, or to Allow Supplemental or Amended Pleadings; and Defendants' Motion to Strike and Response to Plaintiff's Pending Motions and for Entry of a Protective Order. Docket Entries [123, 136, 137, 140, 152, 153, 157]. Also before the Court are Plaintiff's Motions to Extend Time for Plaintiff to Complete Discovery. Docket Entries [159, 161].

For the reasons outlined below, the parties' motions are adjudicated as follows:

(1) The Court **RECOMMENDS** that Defendants' Motion to Dismiss and/or Terminate Defendants Conant, Salzberg, and Morrison as Parties be **GRANTED IN PART AND DENIED IN PART** and that Defendants Conant, Salzberg, and Morrison be **DISMISSED WITH PREJUDICE.** Docket Entry [123]. The Clerk is **DIRECTED** to indicate on the docket that Defendants Conant, Salzberg, and Morrison have been terminated as parties. The parties are **DIRECTED** to remove the Defendants Conant, Salzberg, and Morrison's names from the case caption in future filings. Defendants' request that Defendants Conant, Salzberg, and Morrison be removed from the case caption on the docket, however, is **DENIED.**

(2) Plaintiff's Motion to Strike Motion to Dismiss and/or Terminate Defendants Conant, Salzberg, and Morrison as Parties, for Sanctions Against Defendants, or to Allow Supplemental or

Amended Pleadings is **DENIED.** Docket Entry [153].

(3) The Court **RECOMMENDS** Plaintiff's Motion for Default Judgment Against Defendant Michael Salzberg be **DENIED.** Docket Entry [152].

(4) Defendants' Motion to Strike and for Entry of a Protective Order is **DENIED.** Docket Entry [157].

(5) Defendants' Application for Reasonable Attorneys' Fees Pursuant to the Court's July 31, 2009 Order is **DEFERRED.** Docket Entry [140]. Defendants are **ORDERED** to provide competent, non-hearsay evidence of sufficient detail (including a more detailed description of the tasks performed and the amount of time spent on each task) showing that the amount of time spent was reasonable within eleven (11) days of the date of this Order. Plaintiff may file any objections to the reasonableness of the hours expended within eleven (11) days of Defendants' service of their additional evidence in support of their motion. Plaintiff's remaining objections to Defendants' fee application are **OVERRULED.**

(6) Plaintiff's First Motion for Sanctions (Excessive Designation of Confidentiality) is **DENIED.** Docket Entry [136].

(7) Defendants' oral motion at the August 16, 2009 hearing for the return of privileged documents is **GRANTED.**

(8) The Court **RECOMMENDS** that Plaintiff's Motion for Contempt (Defendants' Voluntary Production of Allegedly Privileged Documents) be **DENIED.** Docket Entry [137].

(9) Plaintiff's Emergency Motion to Extend Time to File Replies/Responses is **DENIED AS MOOT.** Docket Entry [155].

(10) Defendants' Objections to Plaintiff's Purportedly Narrowed ESI Discovery Requests and Plaintiff's Second 30(b)(6) Notices are **SUSTAINED.** Docket Entry [147]. Defendants are **ORDERED** to search for and produce electronically stored information responsive to Plaintiff's discovery requests utilizing the search parameters Defendants proposed within thirty (30) days of the date of this Order.

(11) Plaintiff's Motions to Extend Time for Plaintiff to Complete Discovery are **GRANTED IN PART.** Docket Entries [159, 161]. The parties may conduct discovery through and including February 5, 2010.

### DEFENDANTS' MOTION TO DISMISS AND/OR TERMINATE DEFENDANTS CONANT, SALZBERG, AND MORRISON AS PARTIES

Plaintiff Lawrence Edelen filed the instant lawsuit on January 28, 2009. Docket Entry [1]. Therein, Plaintiff contends that Defendant Campbell Soup Company (hereinafter "Campbell Soup") and Campbell Sales Company (hereinafter "Campbell Sales") discriminated against him on the basis of his age when they terminated him in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, Plaintiff further asserts that Campbell Soup and Campbell Sales discriminated against him on the basis of his race, color, and gender and retaliated against him when they terminated him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e *et seq.* Plaintiff also claims that Campbell Soup and Campbell Sales terminated him because of his race and retaliated against him in violation of 42 U.S.C. § 1981. Plaintiff also asserted various state law claims against the Defendants as follows: (1) fraud against all Defendants (Count VII); (2) negligent retention and supervision and breach of duties claims (Counts VII and IX) against Defendants Campbell Soup, Campbell Sales, Conant, and Morrison; (3) claims for punitive damages and attorneys' fees (Counts XI and XII) against all Defendants. On March 10, 2008, Defendants moved to dismiss the majority of Plaintiff's claims. Docket Entry [16]. On September 25, 2008, this Court recommended that Defendants' motion be granted as to all of Plaintiff's claims against individual Defendants Conant, Salzberg and Morrison. Docket Entry [65]. This Court also recommended dismissal of all

the state law claims (Counts VII, VIII, IX, XI, and XII) against all Defendants. On December 10, 2008, the District Court Judge adopted this Court's Report and Recommendation. Docket Entry [76].

On April 23, 2009, Defendants filed the instant Motion to Dismiss and/or Terminate Defendants Conant, Salzberg, and Morrison as Parties. Therein, Defendants Conant, Salzberg, and Morrison (hereinafter referred to as "the Individual Defendants") argue that they should be terminated from the docket, that they should be formally and finally dismissed with prejudice, and that their names should be removed from the case caption.

Plaintiff filed a response in opposition to Defendants' motion on May 7, 2009.[1] In his thirteen page response, Plaintiff attempts to re-argue his original Motion to Dismiss. To that end, Plaintiff argues that Defendants Conant and Morrison were dismissed based on false allegations—that neither one had ever met him and they were not involved with the matters at issue in the case. Plaintiff also argues that Mr. Salzberg admits that he was "personally and intimately involved in the actions which Mr. Edelen claims to have violated the laws against discrimination and retaliation." (Pl.Br.10).

Plaintiff's arguments are without merit. Even if this Court were inclined to rehear the Motion to Dismiss, Plaintiff's factual allegations do not justify a different outcome as they bear no relationship to the grounds for granting the Motion to Dismiss. This Court issued its Report and Recommendation, adopted in full by the district court, determining that state law claims (fraud, negligent retention and supervision, breach of duties, punitive damages, attorneys' fees) against the individual Defendants should be dismissed for many different reasons. Plaintiff's fraud claims were dismissed because they suffered from pleading defects as Plaintiff attributed fraudulent statements to all Defendants without specifics as to who made which statements and when, where, why or how. (Report and Recommendation, p. 32). Plaintiff's negligent retention claims were dismissed because he did not articulate what employee or group of employees committed the tort, provided no facts identifying the underlying basis for his claim, and left the Court to guess what employee or employees were allegedly negligently retained or supervised. The negligent retention and supervision claims and the fraud claims also failed because Plaintiff could not base such claims on an improper termination. Plaintiff's breach of duties claims failed because Plaintiff failed to identify a fiduciary or confidential relationship between him and the Individual Defendants, a specific duty breached by the Individual Defendants, a basis for imposing a duty, specific conduct constituting a breach, and particular damages suffered as a result of the breach. Plaintiff's punitive damages and attorneys' fees claims failed because he could not bring them as stand-alone causes of action.

The Individual Defendants request that they be dismissed with prejudice, formally and finally. The Individual Defendants have already been dismissed as of December 10, 2008, when the District Judge adopted this Court's Report and Recommendation dismissing the Individual Defendants. Although this Court did not indicate whether the recommended dismissal was with prejudice, the Court intended that the claims against the Individual Defendants be dismissed with prejudice. Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure operates as a judgment on the merits. *N.A.A.C.P. v. Hunt,* 891 F.2d 1555, 1560 (11th Cir.1990). In this case, dismissal with prejudice is also appropriate for the claims that were dismissed due to Plaintiff's failure to plead sufficient facts to raise a right to relief beyond the speculative level.

1. In his response, Plaintiff requests that the Court either stay the briefing for the instant motion to dismiss or allow Plaintiff to "file a more full and complete response" to Defendants' three-page motion to dismiss. In support, Plaintiff argues that responding to the motion was interfering with his preparation for the mediation of the case. The Court concludes that Plaintiff had adequate time to respond to Defendants' motion, especially given that Plaintiff has known since the April 16, 2009 status conference before this Court that Defendants would be filing the motion. Accordingly, Plaintiff's request for an opportunity to file a more complete response and request that the briefing on the Motion to Dismiss be stayed are both **DENIED.**

When the plaintiff, who is represented by counsel, does not request an opportunity to file an amended complaint to cure any deficiencies in pleading, the district court may dismiss the complaint with prejudice. *Bailey*, 288 Fed.Appx. at 603–04; *Wagner*, 314 F.3d at 542; *Brown v. Hillsborough County Sheriff's Office*, No. 8:08–cv–88–T–33TGW, 2009 WL 413576, at *7 (M.D.Fla. Feb. 18, 2009) (slip copy) (noting that dismissal of complaint with prejudice was appropriate due to insufficient pleading because plaintiff, who was represented, did not request leave to amend). Plaintiff neither requested leave to amend his complaint to correct deficiencies in pleading nor objected to this Court's Report and Recommendation dismissing his claims. Accordingly, dismissal with prejudice was appropriate. The undersigned therefore, **RECOMMENDS** that the instant motion be **GRANTED IN PART AND DENIED IN PART** and that the claims against the Individual Defendants be **DISMISSED WITH PREJUDICE.** Docket Entry [123]. Because the Defendants Conant, Salzberg, and Morrison have already been dismissed per the December 2008 Order, the Clerk is **DIRECTED** to indicate on the docket that they are terminated as parties. The parties are also **DIRECTED** to remove the Individual Defendants' names from the case caption in future filings. Defendants' request that the Individual Defendants be removed from the case caption on the docket, however, is **DENIED.** It is not the practice of this Court to remove terminated Defendants from the case caption on the docket.

### PLAINTIFF'S MOTION TO STRIKE

In Plaintiff's Motion to Strike Motion to Dismiss and/or Terminate Defendants Conant, Salzberg and Morrison as Parties, for Sanctions Against Defendants, or to Allow Supplemental or Amended Pleadings (Docket Entry [153]), Plaintiff seeks the following relief: (1) Strike Defendants' Motion to Dismiss And/or Terminate Defendants Conant, Salzberg, and Morrison as Parties; (2) Sanction Defendants and their counsel for making false or misleading statements, filing untimely pleadings, and seeking substantive relief at hearings without forewarning Plaintiff of the issues to be addressed; (3) Strike as untimely Defendants' reply brief in support of their Motion to Dismiss and/or Terminate Defendants Conant, Salzberg, and Morrison as Parties, have a hearing over the matter, and allow Plaintiff to conduct discovery "to demonstrate the duplicity in the Defendants' pleadings and attachments"; and (4) Defer ruling on Defendants' Motion to Dismiss and/or Terminate Defendants Conant, Salzberg, and Morrison as Parties and allow Plaintiff to amend his complaint after discovery has been completed. Defendants have also moved to strike Plaintiff's Motion to Strike and argue it should be stricken as frivolous or summarily denied. Docket Entry [157].

This Court agrees with Defendants and finds that Plaintiff's motion lacks merit and should be denied. Plaintiff implies in his motion that Defendants have "sandbagged him" by raising issues in court without giving him notice that the issues would be addressed.[2] Plaintiff also accuses Defendants of obstructing mediation and the court's stay by arguing that the Individual Defendants should be dismissed with prejudice, removed from the case caption, and terminated on the docket, and requesting that Plaintiff return privileged documents inadvertently disclosed during discovery. Although Plaintiff attempts to characterize Defendants' actions during the litigation as misconduct, Defendants' alleged actions inspiring Plaintiff's complaint of misconduct do not merit sanctions. Accordingly, Plaintiff's request for sanctions is **DENIED.**

■ Plaintiff further argues that Defendants' Motion to Dismiss And/or Terminate Defendants Conant, Salzberg, and Morrison as Parties should be stricken on the grounds that it is untimely because it was filed after the deadlines for filing motions to dismiss found in the parties' Joint Preliminary Report and Discovery Plan, the Court's Scheduling Order, the Local Rules, and the Fed-

---

**2.** Plaintiff was given an opportunity to oppose Defendants' Motion to Dismiss in writing and has availed himself of that opportunity.

eral Rules of Civil Procedure. Although Defendants' motion was styled a motion to dismiss, it did not seek dismissal of the Individual Defendants; they had already been dismissed. Defendants' motion simply sought to clarify the implications of this Court's September 2008 Report and Recommendation and the December 2008 Order to dismiss their claims. As such, the Court does not consider it untimely.

■ Plaintiff also argues that the Motion should be stricken because Defendants did not provide him with notice of Defendants' intention to seek dismissal of the Individual Defendants with prejudice prior to the April 16, 2009 status hearing. On April 7, 2009, however, Defendants sent correspondence via email to Plaintiff seeking his consent to the formal dismissal of the Individual Defendants. Docket Entry [157–3]. Even assuming *arguendo* that Defendants failed to disclose their intentions in advance of the Court's hearing, the Court does not find that such conduct is sanctionable. Moreover, Plaintiff has not been prejudiced as the Court deferred its ruling until Defendants filed a motion and Plaintiff had an opportunity to respond. Accordingly, Plaintiff's motion to strike Defendants' Motion to Dismiss is **DENIED.**

Plaintiff further argues that Defendants' May 22, 2009 reply brief in support of their motion should be stricken because it was untimely filed. Plaintiff's calculation of the deadline for filing Defendants' reply brief was incorrect; the brief was timely filed. LR 6.1A, 7.1B, NDGa. Therefore, Plaintiff's motion to strike Defendants' reply brief is **DENIED.**

■ Plaintiff also requests that he be permitted to amend his complaint after the close of discovery. Plaintiff, however, has not identified what claims he would like to add to his complaint. Moreover, Plaintiff has not supplied a proposed Amended Complaint for this Court's review. Without this information, the Court cannot conclude that Plaintiff should be permitted to amend his Complaint. Therefore, at this juncture, Plaintiff's request that he be allowed to amend his complaint after the close of discovery is **DENIED.**

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MICHAEL SALZBERG

On September 1, 2009, Plaintiff filed a Motion for Default Judgment Against Defendant Michael Salzberg. Docket Entry [152]. Therein, Plaintiff contends that Default Judgment should be entered against Mr. Salzberg because he never filed an answer and he only filed a partial motion to dismiss the claims against him. Defendants argue that Plaintiff's motion should be stricken or denied as frivolous.

■ The entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to timely plead or otherwise defend and that fact is made to appear by affidavit or otherwise. FED. R. CIV. P. 55(b); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1316 (11th Cir.2002). In this case, default judgment is not appropriate because Defendant Salzberg timely defended his claims. The Court extended Defendant Salzberg's time to answer or otherwise defend Plaintiff's claims through and including March 10, 2008. Defendants timely filed a motion to dismiss all of the claims against Defendant Salzberg on March 10, 2008.[3] On December 10, 2008, this Court's Report and Recommendation dismissing all claims against Defendant Salzberg was adopted by the district court. Thus, Defendant Salzberg was not required to file an Answer in this case. Because Defendant Salzberg timely defended the action, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment be **DENIED.** Docket Entry [152].

---

3. Plaintiff argues that Defendants did not dismiss all claims against Defendant Salzberg because they only moved to dismiss Counts II, III, V, VIII, IX, XI, and XII, and that claims remain against Defendant Salzberg. (Pl. Reply Br. 4–5).

Plaintiff is mistaken, however, because the remaining claims (I–V) were only asserted against other Defendants, not Defendant Salzberg. (Pl. Compl. p. 34, 36, 37, 38).

### DEFENDANTS' MOTION TO STRIKE AND RESPONSE TO PLAINTIFF'S PENDING MOTIONS AND FOR ENTRY OF A PROTECTIVE ORDER

Defendants filed their Motion to Strike and Response to Plaintiff's Pending Motions and For Entry of a Protective Order on September 21, 2009. Docket Entry [157]. Therein, Defendants request that Plaintiff's Motion for Default Judgment Against Defendant Michael Salzberg and Plaintiff's Motion to Strike Motion to Dismiss and/or Terminate Defendants Conant, Salzberg, and Morrison as Parties, For Sanctions Against Defendants or to Allow Supplemental or Amended Pleadings should be stricken as frivolous. Alternatively, Defendants argue that Plaintiff's motions should be summarily denied as utterly lacking merit. As discussed above, the Court has already denied Plaintiff's Motion to Strike and recommended denial of Plaintiff's Motion for Default Judgment. Thus, Defendants' request that the Court strike Plaintiff's motions or alternatively summarily deny the motions is **DENIED AS MOOT.**

Defendants also argue that because Plaintiff has excessively filed frivolous motions, the Court should enter a protective order preventing Plaintiff from filing anything further without the Court's prior approval. The Eleventh Circuit has long recognized the court's ability to protect itself from abusive litigants. *Procup v. Strickland,* 792 F.2d 1069, 1071–1074 (11th Cir.1986) (en banc) (affirming in part order of district court enjoining pro se litigant from filing any cases unless represented by counsel). "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Martin–Trigona v. Shaw,* 986 F.2d 1384, 1386–1387 (11th Cir.1993). To that end, courts may enter orders or injunctions appropriate to protect both the courts and the rights of litigants in the federal system. *Procup,* 792 F.2d at 1071–1072; *Barash v. Kates,* 586 F. Supp. 2d 1323, 1325 (S.D.Fla. 2008).

The Court will not, at this juncture, enjoin Plaintiff from further filings without prior Court approval. That being said, the Court's position on the matter may change. Plaintiff's motions border on being not only frivolous but also vexatious and abusive. Should Plaintiff continue to file motions of the quality of the Motion for Default Judgment and Motion for Sanctions, this Court will be very receptive to a motion for sanctions against both Plaintiff's counsel and Plaintiff. Moreover, in an effort to streamline the proceedings, Plaintiff's filings going forward must focus only on the issues before the Court and should not delve into extraneous matters. At this time, Defendants' request for sanctions or entry of a protective order against Plaintiff is **DENIED.** Docket Entry [157].

### DEFENDANTS' APPLICATION FOR REASONABLE ATTORNEYS' FEES, PURSUANT TO THE COURT'S JULY 31, 2009 ORDER

In Defendants' Application for Reasonable Attorneys' Fees, pursuant to the Court's July 31, 2009 Order, Defendants seek their reasonable attorneys' fees incurred as a result of Plaintiff's counsel's failure to comply with the Court's Orders to narrow his e-discovery topics in the amount of $7,748.00. Docket Entry [140]. In support, Defendants point out that their counsel spent no less than 29.2 hours drafting Defendants' Motion for Sanctions, drafting Defendants' Response in Opposition to Plaintiff's Motion to Extend Time to Respond to Defendants' Motion for Sanctions, and preparing for one of the four hearings set to adjudicate discovery issues. Plaintiff objects to Defendants' fee petition on the grounds that (1) the written Order requiring Plaintiff to narrow his search terms was entered on January 5, 2009, two days before the Defendants filed their motion for sanctions; (2) nearly $8,000 is not a reasonable amount to expend just to get Plaintiff to narrow search terms; (3) Defendants seek fees which exceed the scope of the July 31, 2009 Order and Defendants have not narrowed their fee application to just those issues relating to the narrowing of the electronically stored information search terms; (4) Defendants have failed to prove their fees with detailed billing records and rely on hearsay, depriving Plaintiff of the opportuni-

ty to question the reasonableness of such efforts; (5) Mr. Ashe's affidavit in support of the fee amounts relies on gross hours without any meaningful descriptions of actual tasks or services performed; and (5) Defendants should not be awarded fees for opposing Plaintiff's request to identify which requests for electronic discovery should be narrowed, because Defendants were Ordered to do so.

## I. *Background*

Discovery began in the instant case in April, 2008. Discovery was originally scheduled to close on August 8, 2008, but has been extended on multiple occasions because the parties had been unable to resolve various discovery disputes. In an effort to keep the case moving and to help the parties resolve the impasses impeding discovery, this Court held several hearings. The Court held a first hearing on November 13, 2008, to address several pending motions, including Defendants' Motion to Compel, the Consent Motion for a Protective Order, and Plaintiff's Motions for Extension of Time to Complete Discovery.

It became apparent to this Court at the November 13, 2008 hearing that one obstacle preventing the parties' progress in discovery was Plaintiff seeking overly broad discovery of electronically stored information. At the hearing, Plaintiff's counsel reported that discovery of electronically stored information was necessary to Plaintiff's case and that Defendants had not produced any electronically stored information. (Transcript of November 13, 2008 Hearing, hereinafter "Tr.," at 19). Defendants' counsel reported that they had repeatedly asked Plaintiff to identify reasonable search terms and the date parameters for the search of Defendants' electronically stored information. (Tr. at 20–21). Defendants' counsel further asserted that he asked Plaintiff to provide the name of custodians whose electronically stored information should be searched so that Defendants could appropriately narrow the search of the discovery requests. (Tr. at 20). Defendants' counsel represented that Plaintiff's counsel provided him with a non-exhaustive list of twenty-four custodians, none of whom were Plaintiff's comparators, and did not pro-

vide him with any search terms. (Tr. at 21, 34). Indeed, Defendants contend that production of Plaintiff's requested discovery would fill 6,000 bankers boxes and would cost millions of dollars to review for privilege and privacy concerns. (Tr. at 21, 33). In this Court's view, such broad discovery was wasteful and slowed the progress of the case. Thus, the Court verbally Ordered Plaintiff, once he received documents that Defendants had previously promised him, to narrow the scope of his electronic search requests to divisions or departments, and individuals relevant to the issues raised in Plaintiff's Complaint. (Tr. at 34–35). The Court's minute sheet, filed electronically, also directed Plaintiff "to narrow the scope of his electronic discovery requests so as to allow Defendants to provide discovery that is relevant as to time, individuals and divisions/departments." Docket Entry [74]. The Court, in an effort to keep the case moving, set it for another hearing on December 17, 2008.

Despite Plaintiff's admission that Defendants' production of over 2,000 pages of documents had been "a great value in terms of being able to be more specific about departments or the like" and was very helpful "for fulfilling the information on electronically stored information," Plaintiff still did not narrow his discovery requests for electronically stored information. (Transcript of Dec. 17, 2008 Hearing, hereinafter "Tr2," at 6, 13–14). Defendants submitted a letter to this Court, copying Plaintiff's counsel, requesting that the Court compel the Plaintiff to comply with the Court's Order to "narrow the scope of his electronic discovery requests so as to allow Defendants to provide discovery that is relevant as to time, individual and divisions/departments, and provide Defendants with appropriate search terms." Docket Entry [84], Ex. K.

When the Court convened on December 17, 2008, Plaintiff's counsel reported that the parties had agreed that Plaintiff would provide his narrowed requests for electronically stored information in writing by December 29, 2008. (Tr2 at 15). Plaintiff's counsel also reported that they had an agreement that Plaintiff would supplement his discovery requests by December 29, 2008, and meet and

confer regarding outstanding discovery issues by January 5, 2009. (Tr2 at 5, 7, 8). The Court Ordered the parties to prepare a consent order modifying the Court's previously imposed discovery deadlines and memorializing their agreement. This Court warned Plaintiff's counsel that his continued failure to comply with the Court's Order could result in an award of attorneys' fees. The Proposed Order, filed on December 19, 2008,[4] provided that on or before 5:00 p.m. on December 29, 2008, "Plaintiff will narrow the scope of his electronic discovery requests as to time, individuals, and divisions/departments and will provide Defendants with a complete set of his narrowed requests." Plaintiff was also Ordered to supplement his discovery responses by December 29, 2008, to identify alleged deficiencies in Defendants' discovery, to meet and confer with Defendants on January 5, 2009, regarding all unresolved discovery issues. Docket Entry [78]; Docket Entry [83], pp. 3–5. This Court approved the proposed order on January 5, 2009, and set another status conference for January 23, 2009. Docket Entry [83].

As a result of Plaintiff's failure to comply with the Court's Order and the deadlines to which he agreed, on January 7, 2009, Defendants sought sanctions for Plaintiff's violations of this Court's discovery Orders. Docket Entry [84]. Therein, Defendants complained that Plaintiff had not provided the supplemental discovery he promised by December 3, 2008, had not narrowed the scope of his request for electronic discovery, had not identified deficiencies in Defendants' discovery responses, and had not provided Defendants with the list of names he wishes to depose. (Def.Br.8–12).

Subsequently on February 10, 2009, Defendants also filed their Motion for a Protective Order in which Defendants sought relief from four notices of depositions unilaterally served by the Plaintiff. Plaintiff had noticed the 30(b)(6) depositions of Campbell Sales and Campbell Soup, and the notices contained no less than 120 topics each spanning nearly 40 pages. Docket Entries [100–01].

Defendants also sought relief for a second set of notices of deposition Plaintiff served upon Campbell Soup and Campbell Sales concerning the costs of producing electronically stored information. Docket Entries [102, 103]. Defendants did not want to go forward with the 30(b)(6) depositions dedicated to the costs of producing electronically stored information, because Plaintiff never complied with the Court's Order to narrow his discovery requests. Defendants reasoned that without this information, the Defendants' designees could not meaningfully discuss Plaintiff's deposition topics probing the costs of production. Docket Entry [104]. Defendants' also wanted to resolve the electronically stored information discovery issues before the deposition occurred because Defendants did not want to have to produce the deponents a second time after the electronically stored information was produced. Docket Entry [104–2], p. 7. Additionally, Defendants sought reasonable attorneys' fees and expenses for their efforts in filing the Motion for Protective Order. Docket Entry [104], p. 3.

On July 22, 2009, this Court held a hearing to discuss Defendants' motions for a protective order and sanctions. As of the time of the hearing, Plaintiff still had not narrowed his requests for electronic discovery to tailor them as to appropriate time, search terms, and officers and employees involved. (Transcript of July 22, 2009 Hearing, hereinafter "Tr3," at 8). Instead, in contravention of this Court's Order, Plaintiff shifted the burden to Defendants and insisted that Defendants identify the document requests to which they sought specification. (Tr3 at 10). In Plaintiff's counsel's view, Defendants should have been able to glean the search terms from Plaintiff's discovery requests. (Tr3 at 31–32). As an example, Plaintiff referenced his Document Request No. 76 which sought "e-mails, text message[s], memos, letters within the Campbell group of companies since January [1995], which mentioned, discussed, reported or memorialized any meeting or conversation relating to concerning the issue of diversity in the work-

4. Defendants unilaterally filed the proposed order after unsuccessfully seeking Plaintiff's counsel's review and approval.

place." (Tr3 at 11). This Court observed that Plaintiff's failure to tailor this request as to time, people, and departments could yield thousands of documents. (Tr3 at 31). Given Plaintiff's noncompliance to this Court's repeated Orders that Plaintiff narrow his electronic discovery requests spanning an eight month period and this Court's other discovery Orders, it was apparent that nothing short of sanctioning Plaintiff's counsel would get Plaintiff to comply. As a result, the Court granted Defendants' motion for sanctions in part and awarded Defendants' request for reasonable attorneys' fees incurred as a result of Plaintiff's failure to narrow his requests for electronically stored information and in bringing the motion for sanctions. (Tr3 at 67). In an effort to nudge some movement past the impasse between Plaintiff and Defendants as to the requests for electronic discovery, the Court also Ordered Defendants to identify Plaintiff's discovery requests which were overly broad and burdensome. (Tr3 at 58–60). Plaintiff was required within five days to respond with narrowed search terms. (Tr3 at 60). After Plaintiff narrowed his search terms, Defendants were required within five business days to provide a time line as to when the requested documents could be produced. (Tr3 at 60–63). The Court also Ordered Plaintiff to narrow his Rule 30(b)(6) topics to "reasonable topics and issues." (Tr3 at 65, 68).

## II. *Analysis*

The starting point in fashioning an award of attorneys' fees is to multiply the number of hours expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Smith v. Atlanta Postal Credit Union*, 350 Fed.Appx. 347 (11th Cir.2009) (district court properly calculated reasonable attorneys fees as sanction under Rule 37 pursuant to lodestar method); *Moton v. Nathan and Nathan, P.C.*, 297 Fed.Appx. 930, 932 (11th Cir.2008), citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994). This number may then be adjusted for the results obtained. *Loranger*, 10 F.3d at 781. While an application for attorneys fees is not supposed to result in a second major lit-

igation, "the fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).

### A. *Reasonable Hourly Rate*

The applicant "bears the burden of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Loranger*, 10 F.3d at 781. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger*, 10 F.3d at 781, citing *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). The party seeking attorneys' fees bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id.* Satisfactory evidence must be more than the affidavit of the attorney performing the work. *Id.* "A court, however, 'is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Id.* Plaintiff does not dispute that Defendants' counsel's hourly rate is reasonable. Furthermore, the Court agrees that the hourly rates of $375.00 for Mr. Ashe and Ms. Sam–Buchanon, $240.00 for Ms. Butler, and $125 for Mr. Miller are reasonable.

### B. *Hours Expended*

Additionally, the applicant should have "maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* A well-prepared fee petition would also include records showing the amount of time spent on different claims and a summary, grouping the time entries by the nature of the activity or stage of the case. *Oxford Asset Mgm't v. Jaharis*, 297 F.3d 1182, 1195–96 (11th Cir.

2002). The Court must exclude excessive, redundant or otherwise unnecessary hours. *JVC America, Inc. v. Guardsmark, LLC,* 2007 WL 2872454, at *12 (N.D.Ga. Sep.26, 2007).

While the amount of attorneys' fees requested by Defendants appears to be reasonable, Defendants have not provided the Court with any detail as to the number of hours dedicated to particular tasks associated with filing the Motion for Sanctions or preparing for the hearing. The Court also notes Defendants did not provide their billing records supporting the amount. Instead, Defendants provided totals of the amount of time spent for each attorney and have offered to allow the Court to review billing records in camera. (Ashe Aff. ¶¶ 13–15; Ashe Supplemental Decl. ¶¶ 4–7). Plaintiff objected to Defendants' refusal to present the billing records and argues, in part, that the fee application is insufficient because Defendants failed to provide detailed billing records or any other records which would identify the various tasks that were allegedly performed by the various professionals. Plaintiff argues that Defendants' omissions deprive him of the opportunity to question the necessity or reasonableness of such efforts or tasks and relies on hearsay.

This Court agrees that more details are necessary in order to provide the Court with information of sufficient particularity so that this Court can ascertain which charges are reasonable. *See, e.g., Ideal Electronic Sec. Co. v. Internat'l Fidelity Ins.,* 129 F.3d 143, 151 (D.C.Cir.1997) (holding that the Court needs enough detail to determine, for instance, whether the attorney spent a ridiculous amount of total time on a simple research project, whether the work encompassed issues and tasks outside the scope of the question, whether each task was a necessary and reasonable component of the litigation strategy, and whether there was unreasonable duplication of work). In this case, Defendants seek attorneys' fees for preparing the Motion to Compel and preparing for the January 23, 2009 hearing, but present only an affidavit showing the total amount of time each attorney expended and a brief description of associated tasks. The

information within the affidavit is not of sufficient detail to allow the Court to ascertain whether the amount of time spent on each task in connection with the filing of the Motion for Sanctions was reasonable and not duplicative. Mr. Ashe's supplemental affidavit provided greater detail in listing the tasks performed in connection with the preparation of the Motion for Sanctions and for the January 23, 2009 hearing, but it did not list the amount of time performed for each task or much detail about the nature of the task.

In addition, the Court shares Plaintiff's concern that Mr. Ashe's affidavit regarding the amount of hours performed by other counsel and the paralegal is hearsay. *Cf. Koncul Enterprises, Inc. v. Nationscredit Fin'l Servs.,* 2001 WL 34052996, at *8–10 (S.D.Ga. Aug. 13, 2001) (noting that under Georgia law, an award of attorneys fees may be solely justified by affidavit where counsel has personal knowledge about the hours worked and the affidavit included sufficient detail); *Oden v. Legacy Ford–Mercury, Inc.,* 222 Ga.App. 666, 668, 476 S.E.2d 43 (1996) (holding that because attorneys' statement regarding the billings of other attorneys was not based on the attorneys' personal knowledge, but was based on information given to him by others, statement was hearsay).

Mr. Ashe certainly could establish foundation for application of the business records exception to admit the billing records, if Defendants chose to present them, which would likely provide the requisite detail. *Cf. Koncul,* 2001 WL 34052996, at *9 (noting that affidavit by lead counsel may be insufficient where lead counsel lacks personal knowledge); *Oden,* 222 Ga.App. at 668–69, 476 S.E.2d 43. Defendants object, however, to producing counsel's billing records, other than for in camera inspection by the Court, on the grounds that they are protected by attorney-client privilege and constitute work product. Plaintiff's counsel correctly, notes, however, that while he is being held responsible for paying attorneys' fees, he is deprived of any meaningful review of the reasonableness of the fee without being permitted to review the billing records or being provided more sufficient

detail. *Ideal Elec. Security Co.*, 129 F.3d at 152; *Essex Builders Group v. Amerisure Ins. Co.*, No. 6:04–cv–1838–Orl–22JGG, 2007 WL 700851, at *2. Thus, the Court cannot conclude that in camera review of the billing records would be an appropriate solution. Accordingly, Defendants are Ordered to provide competent, non-hearsay evidence of sufficient detail (including a more detailed description of the tasks performed and the amount of time spent on each task) so that the Court can ascertain whether the amount of time spent preparing the Motion for Sanctions and preparing for the January 23, 2009 hearing was reasonable within eleven (11) days of the date of this Order. If, after reviewing the more detailed information, Plaintiff has any objection to the reasonableness of the hours expended, Plaintiff may respond to Defendants' submission within eleven (11) days of its service. Plaintiff's response should not, however, otherwise include new objections or objections he already raised in response to Defendants' fee application. The remainder of Plaintiff's objections to the fee petition are **OVERRULED.** The award of attorneys fees was appropriate given Plaintiff's refusal to comply with this Court's repeated Orders and discovery deadlines.

### PLAINTIFF'S FIRST MOTION FOR SANCTIONS

In Plaintiff's First Motion for Sanctions (Excessive Designation of Confidentiality), Plaintiff requests sanctions for Defendants' alleged excessive designations of physical documents as confidential, which he claims violates the parties' Protective Order. Docket Entry [136]. Plaintiff requests that the Court either (A) deprive Defendants of the right to designate *any* documents as confidential or (B) modify the Consent Protective Order to limit Defendants' designation of confidentiality to "information, data, documents, or records which it can demonstrate

by clear and convincing evidence to contain trade secret or proprietary information", and require Defendants to de-designate documents that do not contain trade secret or proprietary information.[5] Plaintiff also seeks his attorneys' fees for time expended "in addressing Defendants' improper conduct."

### I. *Background*

The parties entered into a Consent Protective Order which was approved by this Court on November 14, 2008. Docket Entry [73]. Pursuant to the Order, the parties may designate as confidential "specific documents, information or testimony containing confidential personal, financial, or business information." Docket Entry [73], pp. 1–2. "The party designating documents, information or testimony as confidential are required to exercise good faith in their designations and are to limit the designations as much as practicable." Docket Entry [73], p. 2. "The Order allows for a party to challenge the designation as confidential by notifying the designating party of his disagreement." Docket Entry [73], p. 2. "The parties are to meet and confer in an effort to resolve the disagreement about the status of a document within ten business days." Docket Entry [73], p. 2. "Any issues that are unresolved, may then be raised before this court." Docket Entry [73], pp. 2–3.

According to Plaintiff, when Defendants initially produced 2,117 pages of documents, they designated nearly all of them as confidential. (Pl.Br.9). On January 26, 2009, Plaintiff wrote defense counsel, claiming that Defendants violated the Protective Order's requirement that they exercise good faith and limit their confidentiality designations. (Pl.Ex. D, p. 9). On February 5, 2009, the parties met to confer about the Defendants' confidentiality designations. Docket Entry [136–7], Pl.Ex. F. At the February 5, 2009 meeting, Defendants insisted that Plaintiff

---

5. In Plaintiff's First Certificate of Compliance with Order on Discovery Issues Entered July 31, 2009, Plaintiff also requests that the Court narrow the documents or other information which may be designated as confidential under the Protective Order to "information, data, documents, or records of the parties as to which one or more of the parties have a good faith belief to contain

trade secret or proprietary information." Docket Entry [134], p. 8–9. Plaintiff also requested that the Court require Defendants to de-designate all documents which would not be considered trade secret or proprietary information. Docket Entry [134], p. 9. As discussed below, Plaintiff's requests are **DENIED.** Docket Entry [134].

indicate which specific documents were inappropriately designated as confidential. Docket Entry [136–7], (Pl.Ex. F, p. 40–41). The parties reached an impasse when, instead of providing a list of the documents which were improperly designated, Plaintiff insisted that Defendants "remove that designation from every single document as to which there is no legitimate basis for [the] assertion of the confidentiality designation." Docket Entry [136–7], Pl.Ex. F, p. 41. Nonetheless, Defendants ultimately agreed to re-evaluate the documents in light of the Protective Order and to remove the designation from any documents that were inappropriately designated. Docket Entry [136–7], Pl.Ex. F, p. 42. On April 10, 2009, Defendants removed the confidentiality designations and redactions from some previously produced documents, and reproduced 712 pages of documents. (Pl. Br. 6; Def. Br. 8; .Def. Ex. L). According to Defendants, Plaintiff did not express any further dissatisfaction with the confidentiality objections until the July 22, 2009 hearing. (Def.Br.9).

At the July 22, 2009 hearing before this Court, Plaintiff sought unspecified modification of the parties' Consent Protective Order on the grounds that it allowed Defendants to designate every document they produced as being confidential. (Tr3 at 76–77). On July 31, 2009, this Court Ordered the parties to meet and confer regarding Plaintiff's objections to confidential designations made in Defendants' document production by August 7, 2009. Docket Entry [133], p. 5; Tr3 at 77. Prior to meeting and conferring, Plaintiff was Ordered to provide Defendants with a written request for modifications to the Consent Protective Order, to identify each modification requested, and to set the basis for each modification. Docket Entry [133], p. 5.

On August 6, 2009, Plaintiff provided Defendants with a list of documents that he believes were improperly designated as confidential. (Pl. Br. 12–13; Pl.Ex. G). Plaintiff argued that "none of the documents constitute trade secret or proprietary information" and none "warrant, under any reasonable interpretation, protections of confidentiality as set forth in the Consent Protective Order." (Pl.Br.13). On August 7, 2009, the

parties met and discussed the confidentiality designations again. According to Plaintiff, the parties did not reach a resolution as to the confidentiality designations. Instead, Defendants took the position that Plaintiff failed to comply with the July 31, 2009 Order. Defendants, however, re-evaluated the documents Plaintiff indicated should not be confidential, and de-designated at least an additional 249 pages of them. (Def.Ex. O).

## II. *Analysis*

On August 11, 2009, Plaintiff filed the instant Motion for Sanctions. Therein, Plaintiff argues that because Defendants had "been unreasonable and obstructionist in scheduling and participating in meet-and-confer sessions" and had "grossly abused the confidential designations," they should be sanctioned. Plaintiff proposes that (1) Defendants be deprived of the right to designate any documents as confidential; (2) the Protective Order should be modified to limit protection to only documents or other information which Defendants can demonstrate by clear and convincing evidence contain trade secret or proprietary information; and (3) Defendants should be required to remove the confidential designations from all documents except those that contain trade secret or proprietary information. Plaintiff argues that the excessive designations of documents as confidential places substantial restrictions on his ability to investigate his claims.

In response, Defendants explain that the large number of confidential designations is due, in part, to Defendants' production of numerous personnel files and performance review documents for other employees. Defendants also point out that its designations of confidential materials do not restrict Plaintiff's ability to investigate and pursue discovery because the Protective Order allows both parties to show documents designated as confidential to whomever they want.

▆▆▆ The Court does not agree that sanctions are warranted. Although Plaintiff contends that Defendants would not confer with him regarding the confidentiality designations, Defendants conferred with Plaintiff on more than one occasion, and the meet and confer sessions resulted in Defendants re-

reviewing the documents previously produced for inappropriate designations in February 2009 and August 2009. (Def. Ex. L; Def. Ex. K, p. 42; Def. Ex. A, pp. 59–61; Def. Ex. O). Given the number of times that Defendants re-reviewed the confidentiality designations, it is not surprising that Defendants desired Plaintiff to indicate the specific documents he believed should be de-designated and the reasons for doing so. Moreover, because Plaintiff has not submitted copies of any improperly designated documents for this Court's review, this Court cannot conclude that Defendants' designations were inappropriate.

■ Furthermore, Plaintiff has not shown good cause for his proposed modification of the Protective Order. Plaintiff argues that the Protective Order's protection of confidential documents should only extend to proprietary and trade secret information. Plaintiff argues that such a limitation of the Order is warranted because the current Protective Order is so broad and Defendants have designated so many documents as confidential, that as a result, his investigative efforts are hindered. The breadth of the Order as written does not unduly restrict Plaintiff's investigative efforts. The Order, to which both parties agreed, allows for Plaintiff's counsel to disclose documents marked confidential to "witnesses interviewed by a party's representatives or counsel" who have a bona fide need to know the content of the confidential documents. Thus, Plaintiff may show the contents of the confidential documents to witnesses he is interviewing if the witness has a need to know. Furthermore, if a document is relevant to the case, and if a witness could reasonably be expected to know something about the document, then arguably the witness has a bona fide need to review the document and may do so pursuant to the Protective Order. Accordingly, the Protective Order, as written, is not so restrictive that it justifies Plaintiff's much more narrow proposal. Additionally, Plaintiff's proposed modification could expose

employees' private and sensitive information, including the contents of their personnel files. Accordingly, Plaintiff's request to modify the Protective Order to allow Defendants to only designate proprietary and trade secret information as confidential is **DENIED.**[6] Docket Entry [136]. The Court, however, would be willing to consider a more even-handed proposal for narrowing the scope of documents which may be designated as confidential, if, after the parties' confer, it is necessary and one is proposed.

### DEFENDANTS' REQUEST FOR THE RETURN OF PRIVILEGED DOCUMENTS AND PLAINTIFF'S MOTION FOR CONTEMPT (DEFENDANTS' VOLUNTARY PRODUCTION OF ALLEGEDLY PRIVILEGED DOCUMENTS)

In open Court on April 16, 2009, Defendants orally moved for Plaintiff to return 4 pages of attorney-client privileged documents inadvertently produced as part of a nearly 2,100 document production. (Transcript of April 16, 2009 hearing, hereinafter "Tr4," at 16–17). The four documents concern email communications between in-house counsel for Campbell Soup and human resources managers for the purpose of rendering legal advice. At the hearing, Plaintiff's counsel indicated that he was not prepared to determine at that time whether Defendants waived attorney-client privilege. (Tr4 at 18). The Court Ordered Defendants to file the four pages under seal. (*Id.*). Because the parties were going to attend mediation, the Court delayed its decision on the matter.

After mediation failed, Defendants renewed their motion at the July 22, 2009 hearing.[7] There, Defendants requested that Plaintiff immediately return the four documents as well as any copies he made, destroy any notes made about the documents and certify the destruction of the documents. (Tr3 at 78–79). Plaintiff was not prepared at the hearing to articulate his position as to whether the documents should be returned.

---

6. Defendants' request for attorneys' fees and expenses in responding to the instant motion is also **DENIED.**

7. Plaintiff's counsel did not dispute at the hearing that the emails involved communications between employment counsel for Campbell Soup and its employees. (Tr3 at 81–82).

(Tr3 at 82–83). The Court Ordered Plaintiff to file a response within ten days, and advised that it would issue a written order. (Tr3 at 79). The Court also Ordered Plaintiff to confer with Defendants' counsel regarding the matter within five days. (Tr3 at 84). The parties did confer as Ordered, but reached an impasse when Plaintiff's counsel repeatedly asked whether Defendants had any additional information to support their claims that the documents should be returned. (Transcript of August 7, 2009 meet and confer, hereinafter "Tr5," at 9, 15, 17, 20, 22, 25, 30; Pl. Br. 17–22).

Plaintiff argues that Defendants have not met their burden of proving that the documents were privileged. Additionally, Plaintiff contends that Defendants have not shown that their production was inadvertent because their production was not performed with any urgency, they have not shown that they took reasonable efforts to avoid their production, and they waited three months after the production to seek the return of the documents. Defendants argue that the documents were clearly privileged and/or protected by work product doctrine and that counsel's inadvertent production of the documents did not waive privilege. In support, Defendants point out that it took reasonable efforts to avoid disclosure, including three levels of review by attorneys. As a result, only a small number of privileged materials in an over 2,000 page production were produced, and as soon as defense counsel became aware of the production in February 2009, they emailed Plaintiff's counsel and asked for their return. Docket Entry [122–6].

First, it is clear on the face of the documents that they are protected by the attorney-client privilege or work product doctrine. Each document concerns communications between in-house counsel and human resources management level employees for the purpose of rendering advice. *Silvester v. American Broadcasting Cos.*, 839 F.2d 1491, 1499 n. 6 (11th Cir.1988); *Preferred Care Partners Holding Corp. v. Humana, Inc.*, 258 F.R.D. 684 (S.D.Fla.2009).

■ Moreover, it is clear that the return of the documents is required because they were inadvertently produced. The disclosure of communications covered by attorney-client privilege or work product protections does not waive protection when "(1) the disclosure is inadvertent; (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to rectify the error." Fed.R.Evid. 502. Given that only four pages out of a more than 2000 page production were privileged, the documents were checked by three different attorneys prior to production, and counsel immediately sought the return of the documents once they discovered their mistake, return of the documents is required.

Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure provides that "[i]f information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has ..." Fed. R.Civ.P. 26(b)(5)(B). Accordingly, Defendants' oral motion for the return of the privileged documents is **GRANTED.** Plaintiff is therefore Ordered to destroy the copies of the documents (electronic or hard copy). Furthermore, Plaintiff is also Ordered not to use any of the documents for any purpose and notes concerning the documents must also be destroyed. This means that Plaintiff must also delete information learned from or concerning the documents from the log or chart Plaintiff's paralegal created. Plaintiff is Ordered to file his certification with the Court that he has complied with this Order within seven (7) days of the date of this Order.

■ Plaintiff argues that Defendants should be held in contempt because they violated the Court's Order to meet and confer regarding the return of the documents. Plaintiff proposes, among other things, that Defendants' Answer should be stricken and default judgment entered in favor of Plaintiff. Given that Defendants' pursuit of the return of the privileged documents was warranted and that Defendants did attempt to confer with Plaintiff regarding the return of

the privileged documents before reaching an impasse, Defendants are not in contempt and sanctions are not warranted. This Court therefore **RECOMMENDS** that Plaintiff's Motion for Contempt (Defendants' Voluntary Production of Allegedly Privileged Documents) be **DENIED.**[8] Docket Entry [137].

### PLAINTIFF'S EMERGENCY MOTION TO EXTEND TIME TO FILE REPLIES/RESPONSES

On September 14, 2009, Plaintiff filed his Emergency Motion to Extend Time to File Replies/Responses. Docket Entry [155]. Therein, he sought an extension of time through and including October 1, 2009, to file (1) a reply in support of his First Motion for Sanctions (Excessive Designation of Confidentiality)—Docket Entry [136] (due September 17, 2009); (2) Reply in support of his Motion for Contempt—Docket Entry [137] (due September 17, 2009); (3) Reply in support of his Objections to Magistrate Judge's Discovery Order—Docket Entry [144] (Due September 18, 2009); and (4) Response in Opposition to Defendants' Objections to Plaintiff's Purportedly Narrow Discovery Requests and Plaintiff's Second 30(b) (6) Notices—Docket Entry [147] (Due September 17, 2009). In light of the fact that it is well past the October 1, 2009 deadline Plaintiff proposed and Plaintiff has not filed the replies and responses for which he seeks an extension, Plaintiff's motion is **DENIED AS MOOT.** Docket Entry [155].

### DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PURPORTEDLY NARROWED ESI DISCOVERY REQUESTS AND PLAINTIFF'S SECOND 30(B)(6) NOTICES

On February 10, 2009, Defendants filed a Motion for Protective Order. Docket Entry [104]. Therein, Defendants argued that they should be relieved from producing electronically stored information in response to Plaintiff's discovery requests because Plaintiff's requests for electronically stored information continued to be overbroad despite the Court's repeated Orders for Plaintiff to narrow them. Defendants also argued that they should be relieved from designating witnesses for Plaintiff's two separate notices (each nearly 40 pages long with 120 topics) of Rule 30(b)(6) depositions for Campbell Soup and Campbell Sales because they too were oppressively overbroad. After attempting to set several hearings on the matter,[9] this Court held a hearing on July 22, 2009. This Court granted Defendants' Motion for a Protective Order and attempted to structure a schedule so that the parties could reach a resolution on the underlying disputes over the scope of discovery of electronically stored information and Rule 30(b)(6) deposition topics. This Court's schedule is outlined in its Order issued on July 31, 2009. Docket Entry [133].

### I. Discovery of Electronically Stored Information

In the July 31, 2009 Order, this Court required Defendants to identify which of Plaintiff's interrogatories and requests for production of electronically stored information were too broad and burdensome. Docket Entry [133], at p. 3. The Order required Plaintiff to respond with a proposal containing narrowed search terms within five business days of receipt of Defendants' identification of the broad discovery requests. Plaintiff filed his proposal with this Court on August 14, 2009. Docket Entry [143]. Plaintiff's proposal included no less than fifty-five custodians and more than fifty search terms. Plaintiff proposed that Defendants search for such documents created during a three-year period. Plaintiff also sought unlimited searches of all emails for five custodians created or received during a six-month period. Defendants noted that the search terms proposed by Plaintiff for the custodians Plaintiff requested for just 2006 would yield 474,456 pages of documents.

---

8. Defendants' request for attorneys' fees and expenses incurred in responding to Plaintiff's Motion for Contempt is **DENIED.**

9. The February 20, 2009 hearing was postponed at the request of Plaintiff's counsel and the April 16, 2009 hearing took place, but matters were not addressed at the hearing because the parties indicated their interest in mediation.

Under the terms of the Order, if Defendants did not agree to the terms of the proposal, after conferring with Plaintiff, they were required to file their objections with the Court. Docket Entry [133], p. 5. Defendants filed their Objections on August 28, 2009. Docket Entry [147]. In Defendants' August 28, 2009 objections, Defendants proposed more narrowed search terms, fewer custodians whose electronic data would be searched, and a shorter time period for which the electronic data would be searched. Docket Entry [147], at pp. 9–10. The Order gave Plaintiff ten business days to respond to Defendants' objections. Although Plaintiff sought the Court's leave to file a late response by October 1, 2009, Plaintiff never filed a response. Docket Entry [155].

Given that Plaintiff has never filed a response opposing Defendants' proposed narrowed search terms and the fact that the search terms as narrowed by Defendants appear reasonable, Defendants' objections to Plaintiff's search terms are **SUSTAINED.** Docket Entry [147]. Defendants are **ORDERED** to search for and produce documents responsive to Plaintiff's discovery requests, utilizing the search parameters Defendants proposed (Docket Entry [147], pp. 9–10) within thirty (30) days of the date of this Order.

## II. *Rule 30(b)(6) Topics*

This Court's July 31, 2009 Order also required Defendants to identify which Rule 30(b)(6) topics were unreasonable in breadth. Plaintiff was Ordered to provide Defendants with substantially narrowed and reasonable topics within five business days of his receipt of Defendants' objections. Docket Entry [133], p. 4. Plaintiff responded on August 14, 2009, by serving what appears to be identical new notices of 30(b)(6) depositions for Campbell Soup and Campbell Sales. Docket Entries [141, 142]. This time, Plaintiff's Notices included three topics as follows:

### Topic # 1

The existence, description, nature, custody, condition, and location of any documents or other tangible things that are relevant or are reasonably calculated to lead to the discovery of admissible evidence.

. . .

### Topic # 2

Campbell Soup's knowledge of any and all discoverable, non-privileged information regarding the allegations, claims, and defenses appearing in either Plaintiff's complaint or Campbell Soup's answer and written responses to discovery.

### Topic # 3

Campbell Soup's knowledge of any and all discoverable, non-privileged information regarding its actions or efforts to preserve information, documents or other evidence relating to Plaintiff's claims.

Docket Entries [141, 142]. Pursuant to the July 31, 2009 Order, Defendants could file objections with this Court if they believed that Plaintiff's topics were still overbroad. Docket Entry [133], p. 4–5. Defendants filed their objections on August 28, 2009. Docket Entry [147], pp. 10–14. Although Plaintiff sought an extension of time through October 1, 2009, to respond to Defendants' objections, Plaintiff never filed a response.

### A. *Topics 1 and 2*

Defendants argue that the vague, broad nature of the first and second topics make it impossible to designate and prepare witnesses to testify. The Court agrees, and Defendants' objections are **SUSTAINED.** *See, e.g., Catt v. Affirmative Ins. Co.*, No. 2:08–CV–243–JVB–PRC, 2009 WL 1228605 (N.D.Ind. Apr. 30, 2009) (topic seeking general testimony about documents produced, allegations of plaintiff's complaint and defendants' answer is overbroad).

### B. *Topic 3*

Defendants object to Plaintiff's third topic on the grounds that it is not limited to "factual issues that will either prove his client's claims and/or disprove Defendants' defenses", and that the topic is premature as Plaintiff has no evidence that Defendants have not properly preserved documents. Defendants also object on the grounds that the topic requires that they divulge information protected by attorney-client privilege or

work product doctrine. The Court agrees that Plaintiff's third topic does not concern "factual issues that will either prove his client's claims and/or disprove the Defendants' defenses." Moreover, the Court agrees that Plaintiff's request for such information is premature at this time. To the extent that Plaintiff presents evidence tending to show Defendants did not honor their obligation to preserve evidence, the Court will revisit this issue. At this time, Defendants' objection with respect to the third topic is **SUSTAINED.**

### PLAINTIFF'S MOTIONS TO EXTEND TIME FOR PLAINTIFF TO COMPLETE DISCOVERY

In Plaintiff's motions to extend the time to complete discovery, Plaintiff requests that the Court allow him an additional sixty (60) days for discovery after Defendants produce electronically stored information responsive to his discovery requests. Docket Entries [159, 161]. Defendants do not oppose an extension of discovery, but request that discovery is not extended until all pending discovery motions have been adjudicated. Plaintiff's motions are **GRANTED IN PART.** Docket Entries [159, 161]. The Court has already Ordered Defendants to produce electronically stored information responsive to Plaintiff's discovery requests within thirty (30) days from the date of this Order. The parties may conduct discovery through and including February 5, 2010.

### CONCLUSION

For the foregoing reasons, the parties motions are adjudicated as follows:

(1) The Court **RECOMMENDS** that Defendants' Motion to Dismiss and/or Terminate Defendants Conant, Salzberg, and Morrison as Parties be **GRANTED IN PART AND DENIED IN PART** and that Defendants Conant, Salzberg, and Morrison be **DISMISSED WITH PREJUDICE.** Docket Entry [123]. The Clerk is **DIRECTED** to indicate on the docket that Defendants Conant, Salzberg, and Morrison have been terminated as parties. The parties are **DIRECT-** ED to remove the Defendants Conant, Salzberg, and Morrison's names from the case caption in future filings. Defendants' request that Defendants Conant, Salzberg, and Morrison be removed from the case caption on the Docket, however, is **DENIED.**

(2) Plaintiff's Motion to Strike Motion to Dismiss and/or Terminate Defendants Conant, Salzberg, and Morrison as Parties, for Sanctions Against Defendants, or to Allow Supplemental or Amended Pleadings is **DENIED.** Docket Entry [153].

(3) The Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment Against Defendant Michael Salzberg be **DENIED.** Docket Entry [152].

(4) Defendants' Motion to Strike and for Entry of a Protective Order is **DENIED.** Docket Entry [157].

(5) Defendants' Application for Reasonable Attorneys' Fees Pursuant to the Court's July 31, 2009 Order is **DEFERRED.** Docket Entry [140]. Defendants are **ORDERED** to provide competent, non-hearsay evidence of sufficient detail (including a more detailed description of the tasks performed and the amount of time spent on each task) showing that the amount of time spent was reasonable within eleven (11) days of the date of this Order. Plaintiff may file any objections to the reasonableness of the hours expended within eleven (11) days of Defendants' service of their additional evidence in support of their motion. Plaintiff's remaining objections to Defendants' fee application are **OVERRULED.**

(6) Plaintiff's First Motion for Sanctions (Excessive Designation of Confidentiality) is **DENIED.** Docket Entry [136].

(7) Defendants' oral motion at the August 16, 2009 hearing for the return of privileged documents is **GRANTED.**

(8) This Court **RECOMMENDS** that Plaintiff's Motion for Contempt (De-

fendants' Voluntary Production of Allegedly Privileged Documents) be **DENIED.** Docket Entry [137].

(9) Plaintiff's Emergency Motion to Extend Time to File Replies/Responses is **DENIED AS MOOT.** Docket Entry [155].

(10) Defendants' Objections to Plaintiff's Purportedly Narrowed ESI Discovery Requests and Plaintiff's Second 30(b)(6) Notices are **SUSTAINED.** Docket Entry [147]. Defendants are **ORDERED** to search for and produce electronically stored information responsive to Plaintiff's discovery requests utilizing the search parameters Defendants proposed within thirty (30) days of the date of this Order.

(11) Plaintiff's Motions to Extend Time for Plaintiff to Complete Discovery are **GRANTED IN PART.** Docket Entries [159, 161]. The parties may conduct discovery through and including February 5, 2010.

**SO ORDERED and REPORTED AND RECOMMENDED** this *20th* day of November, 2009.